1   STEPTOE & JOHNSON LLP
2   Carol R. Brophy, (SBN 155767)
    cbrophy@steptoe.com
3   Danielle Vallone, (SBN 302497)
    dvallone@steptoe.com
4   One Market Plaza, Spear Tower, Suite 3900
5   San Francisco, California 94105
    Telephone: (415) 365-6700; Fax: (415) 365-6699
6
7   Melanie Ayerh (SBN 303211)
    mayerh@steptoe.com
8   633 West Fifth Street, Suite 1900
9   Los Angeles, California 90071
    Telephone: (213) 439-9432; Fax: (213) 439-9599
10
11  Attorneys for Defendant CVS PHARMACY, INC.

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  JOSEPH MIER, individually, and on behalf of others similarly situated,<br><br>15<br><br>16             Plaintiff,<br><br>17      vs.<br><br>18  CVS HEALTH, Rhode Island<br><br>19  Corporation and Does 1 to 100,<br><br>20  inclusive,<br><br>21<br><br>22             Defendants.<br><br>23<br><br>24<br><br>25<br><br>26<br><br>27<br><br>28 | Case No.: 8:20-cv-01979 DOC (ADSx)<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[*Ntc of Motion and Motion; Declarations of Alisa Benson & Joseph W. Tursi; and Request for Judicial Notice filed concurrently herewith*]<br><br>Date: November 23, 2020<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................... 1

II.    STATEMENT OF FACTS ...................................................... 2

       A.    WHAT IS IN THE COMPLAINT ................................... 2

       B.    WHAT IS *NOT IN* THE COMPLAINT ........................... 3

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE MIER LACKS STANDING ................................................................ 4

       A.    LEGAL STANDARD APPLICABLE TO RULE 12(B)(1) ............... 4

       B.    THE COMPLAINT DOES NOT DISCLOSE ANY INJURY-IN-FACT ....................................................... 5

IV.    PLAINTIFF FAILS TO STATE A CLAIM ........................... 7

       A.    LEGAL STANDARD APPLICABLE TO MOTIONS UNDER RULE 12(B)(6) ................................................. 7

       B.    BECAUSE MIER ALLEGES CONSUMER FRAUD, HE IS REQUIRED TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD ........................................ 7

       C.    PLAINTIFF FAILS MEET THE HEIGHTENED PLEADING STANDARD OR TO ALLEGE THE CIRCUMSTANCES OF HIS PURCHASE ........................ 8

       D.    A REASONABLE CONSUMER WOULD NOT INTERPRET CVS'S LABELS TO MEAN THAT THE PRODUCTS WILL KILL EVERY CONCEIVABLE DISEASE-CAUSING MICROORGANISM ..................................... 10

       E.    THE COMPLAINT FAILS TO SUPPORT A FALSE ADVERTISING CLAIM ................................. 13

       F.    PLAINTIFF'S UNFAIRNESS AND UNLAWFULNESS CLAIMS FAIL ................................................ 13

       G.    PLAINTIFF'S INTENTIONAL MISREPRESENTATION CLAIM FAILS ........................................... 14

       H.    THE ECONOMIC LOSS DOCTRINE BARS PLAINTIFF'S INTENTIONAL AND NEGLIGENT MISREPRESENTATION CLAIMS .............................. 15

i

V.      PLAINTIFF'S CLAIMS ARE BARRED BY PREEMPTION AND PRIMARY JURISDICTION ........................................................ 16

    A.      HAND SANITIZER IS REGULATED EXCLUSIVELY BY THE FDA ................................................................................ 17

    B.      PLAINTIFF'S CLAIMS ARE EXPRESSLY PREEMPTED .......... 18

    C.      PLAINTIFF'S CLAIMS ARE IMPLIEDLY PREEMPTED .......... 19

VI.     PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF ................. 22

    A.      PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF ARE PRECLUDED BECAUSE HE HAS NOT ALLEGED THAT HE LACKS AN ADEQUATE REMEDY AT LAW ....................... 22

    B.      PLAINTIFF IS NOT ENTITLED TO RESTITUTION ................... 23

VII.    CONCLUSION ............................................................................. 23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................7

*Berryman v. Merit Property Mgmt., Inc.*,
   152 Cal.App.4th 1544 (2007) .........................................................15

*Bimont v. Unilever U.S. Inc.*,
   No. 14-CV-7749 (JPO), 2015 WL 5256988 (S.D.N.Y. Sept. 9,
   2015) ...........................................................................................21

*Birdsong v. Apple Inc.*,
   590 F.3d 955 .........................................................................................6

*Birdsong v. Apple Inc.*,
   No. C 06-02280 JW, 2008 WL 7359917, *aff'd*, 590 F.3d 955 (N.D.
   Cal. June 13, 2008) .........................................................................6

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ............................................................8

*Bobo v. Optimum Nutrition, Inc.*,
   No. 14CV2408 BEN (KSC), 2015 WL 13102417 (S.D. Cal. Sept.
   11, 2015) ....................................................................................12

*Boysen v. Walgreen Co.*,
   No. C 11-06262 SI, 2012 WL 2953069 (N.D. Cal. July 19, 2012).................5, 6

*In re BPA Polycarbonate Plastic Products Liability Litig.*,
   687 F. Supp. 2d 897 (W.D. Mo. 2009)....................................................5

*Brazil v. Dole Packaged Foods, LLC*,
   660 Fed. Appx. 531 (9th Cir. Sept. 30, 2016) ....................................23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ............................................................... 8

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) ............................................................. 21

*Castagnola v. Hewlett-Packard Co*.,
   No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13,
   2012) ....................................................................................................... 12

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ............................................................. 16

*In re Clorox Consumer Litig.*,
   894 F. Supp. 2d 1224 (N.D. Cal. 2012)............................................... 10

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
   765 F. Supp. 1467 (C.D. Cal. 1991).............................................. 9, 10

*Contreras v. Toyota Motor Sales U.S.A. Inc.*,
   484 F. App'x. 116 (9th Cir. 2012)........................................................ 6

*Craig v Twinings North America, Inc.*,
   No. 5:14-cv-05214, 2015 WL 505867 (W.D. Ark. Feb. 5, 2015)...................... 19

*Degelmann v. Advanced Med. Optics, Inc.*,
   No. C 07–3107 PJH, 2010 WL 55874 (N.D. Cal., Jan. 4, 2010) .................... 5, 6

*Dinan v. SanDisk LLC*,
   No. 18-cv-05420-BLF, 2020 WL 364277 (N.D. Cal Jan. 22, 2020)
   (appeal filed February 2020) ............................................................. 11

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ....................................................... 11, 12

*Eckler v. Wal-Mart Stores, Inc.*,
   No. 12-CV-727, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ........................ 10

*In re Epogen & Aranesp Off-Label Mktg & Sales Practices Litig.*,
   590 F. Supp. 2d 1282 (C.D. Cal. 2009)............................................... 19

*Fecht v. Price Co*.,
   70 F.3d 1078 (9th Cir. 1995) ................................................................. 1

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

*Fisher v. Monster Beverage Corp.*,
   125 F. Supp. 3d 1007 (C.D. Cal. 2013), *aff'd in relevant part*, 656
   F. App'x 819 (9th Cir. 2016) ................................................................. 6

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) ......................................................... 10, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ................................................................................ 4

*Garcia v. Sony Comput. Entm't Am., LLC*,
   859 F. Supp. 2d 1056 (N.D. Cal. 2012) .............................................. 12

*Gile v. Optical Radiation Corp.*,
   22 F.3d 540 (3d Cir. 1994), *cert. denied*, 513 U.S. 965 (1994) ......... 19

*Ginochio v. Surgikos, Inc.*,
   864 F. Supp. 948 (N.D. Cal. 1994) ...................................................... 19

*Herrington v. Johnson & Johnson Consumer Companies, Inc.*,
   No. C 09-1597 CW, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ..... 5

*Hill v. Roll Int'l*,
   195 Cal. App. 4th 1295 (2011) ...................................................... 11, 12

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales
   Practices & Liab. Litig.*,
   903 F.3d 278 (3d Cir. 2018) ................................................................... 6

*In re Tobacco Cases II*,
   240 Cal. App. 4th 779 (2015) ............................................................... 22

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ........................................................................... 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ............................................................... 8

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................... 1

*Koronthaly v. L'Oréal USA, Inc.*,
   374 Fed. Appx. 257 (3d Cir. 2010) ....................................................... 5

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

*Kwan v. Sanmedica International*,
   854 F.3d 1088 (9th Cir. 2017) .................................................... 10

*Kwikset Corp. v. Superior Court*,
   51 Cal 4th 310 ......................................................................... 9

*Lassen v. Nissan*,
   211 F. Supp. 3d 1267 (C.D. Cal. 2016) ..................................... 6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................ 4, 5

*Makaryan v. Volkswagen Group of Am., Inc.*,
   No. 17cv5086-PA, 2017 WL 6888254 (C.D. Cal. Oct. 13, 2017) ..................... 6

*Mcgee v. Diamond Foods, Inc.*,
   No. 14cv2446 JAH (DHB), 2016 WL 816003 (S.D. Cal., Mar. 1 2016) ................. 5

*McKinniss v. Sunny Delight Beverages Co.*,
   No. CV 07-02034-RGK, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ......... 15, 16

*Mehta v. Wells Fargo Bank, N.A.*,
   737 F. Supp. 2d 1185 (S.D. Cal. 2010) ..................................... 15

*Moss v. Infinity Ins. Co.*,
   197 F. Supp. 3d 1191 (N.D. Cal. 2016) ................................... 22

*Mylan Labs., Inc. v. Matkari*,
   7 F.3d 1130 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994) ............ 19

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
   107 Cal. App. 4th 1336 (2003) ................................................. 10

*Nilon v. Natural-Immunogenics Corp.*,
   No. 3:12cv00930, 2013 WL 5462288 (S.D. Cal. Sept. 30, 2013) ............. 10

*NRDC, Inc. v. FDA*,
   710 F.3d 71 (2d Cir. 2013) ............................................... 17, 18

*Pac. v. State Energy Res. Conservation*,
   461 U.S. 190 (1983) ............................................................ 20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

*Patane v. Nestle Waters N. America, Inc.*,
 314 F. Supp. 3d 375 (D. Con. 2018) ...................................................21

*Peterson v. Lamb Rubber Co.*,
 54 Cal. 2d 339 (Cal. 1960) ...................................................................16

*Philips v. Ford Motor Co.*,
 No. 14- CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7,
 2015) ...................................................................................................22

*Rubenstein v. The Gap, Inc.*,
 14 Cal. App. 5th 870 (2017) ................................................................10

*Sateriale v. R. J. Reynolds Tobacco Co.*,
 697 F.3d 777 (9th Cir. 2012) .................................................................8

*Saulic v. Symantec Corp.*,
 596 F. Supp. 2d 1323 (C.D. Cal. 2009) ...............................................12

*Scripps Clinic v. Superior Court*,
 108 Cal. App. 4th 917 (4th Dist. 2003) ...............................................15

*Simpson v. California Pizza Kitchen, Inc.*,
 989 F. Supp. 2d 1015 (S.D. Cal. 2013) .................................................6

*Sonner v. Premier Nutrition Corp.*,
 962 F.3d 1072 (9th Cir. 2020) .............................................................22

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) ...........................................................................4

*Stanley v. Bayer Healthcare LLC*,
 No. 11cv862, 2012 WL 1132920 (S.D. Cal. April 3, 2012) ...............10

*Summit Tech. v. High-Line Med. Instruments Co.*,
 922 F. Supp. 299 (C.D. Cal. 1996) ......................................................19

*Warner v. Tinder Inc.*,
 105 F. Supp. 3d 1083 (C.D. Cal. 2015) ...............................................23

*Warren v. Fox Family Worldwide, Inc.*,
 328 F.3d 1136 (9th Cir. 2003) ...............................................................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

*Whitmore v. Arkansas,*
   495 U.S. 149 (1990) ...........................................................................4, 5

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) ..................................................................21

*Williams v. Beechnut Nutrition Corp.,*
   185 Cal. App. 4th 135 (1986) .................................................................15

*Yourish v. California Amplifier,*
   191 F.3d 983 (1999) ...............................................................................10

**Statutes**

21 U.S.C. § 301, *et seq.* ..................................................................................20

21 U.S.C.§§ 321 ............................................................................................17

21 U.S.C. §321(m) ...................................................................................16, 17

21 U.S.C. §352 .........................................................................................16, 17

California Business and Professions Code Section 17200, *et seq.*
   ("UCL"). .................................................................................................3

California Business and Professions Code Section 17500, *et seq.*
   ("FAL") ...........................................................................................3, 14

California Civil Code Section 1750, *et seq.* ("CLRA") ..................................3

Federal Food, Drug, and Cosmetic Act ("FDCA") ..................................16, 18, 19

Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") ...............18

**Other Authorities**

21 C.F.R.§ 201, *et seq.* ............................................................................17, 20

21 C.F.R. § 330.1 ..........................................................................................17

59 Fed. Reg. 31402 .......................................................................16, 17, 18, 20

59 Fed. Reg. 31403 ........................................................................................20

59 Fed. Reg. 31431-31432 .......................................................................16, 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

59 Fed. Reg. 31438 ...................................................................... 16, 17

59 Fed. Reg. 31441-31444 ......................................................... 16, 17

Federal Rule of Civil Procedure Rule 9 ................................... 2, 8, 9, 10

Federal Rule of Civil Procedure Rule 12 ................................. 1, 4, 7, 21

United States Constitution, Article III ............................................ 2, 4, 6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

## I.   **INTRODUCTION**

This is a no-injury product liability case dressed up as a consumer fraud and breach of warranty claim. Plaintiff Joseph Mier ("Plaintiff" or "Mier") is not a reasonable consumer but rather an opportunist who seeks to capitalize on public concern over viruses and other pathogens. He is not injured; no reasonable consumer would be deceived by the conduct he alleges, and his case should be dismissed with prejudice.

In this time of global pandemic, hand sanitizers are recognized by both public health agencies and the public at large as important adjuncts to—but not substitutes for—soap and water for controlling the spread of harmful germs.[1]  The CVS brand[2] hand sanitizer products at issue in this case (the "Products") are labeled in strict compliance with FDA guidelines. Plaintiff does not dispute this, but claims that the

---

[1] Centers for Disease Control and Prevention, *Show Me the Science – When & How to Use Hand Sanitizer in Community Settings* (Sept. 20, 2020), https://www.cdc.gov/handwashing/show-me-the-science-hand-sanitizer.html. CVS requests that the Court take judicial notice of the CDC website. (Copies of the relevant portions of the CDC website and other government websites are attached as Exhibits to the Declaration of Joseph W. Tursi filed concurrently herewith.) Although review of a motion to dismiss is ordinarily limited to the contents of the complaint and material properly submitted with the complaint, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Gilbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir.2007). This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice. *See, e.g.*, *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir.2005)

[2] CVS Pharmacy, Inc ("CVS") notes that it has been incorrectly named as "CVS Health."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

Products' "primary display panel" (*i.e.*, the front label) misled him to believe that the Products would kill *all* germs, including norovirus, bacterial spores and protozoan cysts. Complaint, ¶¶ 17-21. Plaintiff admits that he ignored the asterisk on the Products' front label directing consumers to the rear label, which states, "*Effective at eliminating 99.99% of *many common harmful germs & bacteria...*" *Id.*, ¶ 15[3](emphasis added). Nor does the Complaint explain why a reasonable consumer would expect alcohol-based hand sanitizer to be effective against food borne viruses (e.g., norovirus) or other obscure germs.

**Plaintiff has not alleged any injury-in-fact**.  He does not claim to have suffered from any illness as a result of using the Products, and does not even claim to have opened or ever used the Products he allegedly purchased. It thus appears that he purchased the Products (if at all) not for personal use, but instead to manufacture this false advertising lawsuit.  Because Plaintiff has not suffered any injury-in-fact, he lacks Article III standing.

Plaintiff's claims also fail for a host of other reasons.  His claims are barred because labeling for hand sanitizer is exclusively within the province of the FDA. He also fails to satisfy Rule 9(b)'s heightened pleading standard. Finally, his claims for equitable relief must be dismissed because his request for damages would provide an adequate remedy at law.

## II.    STATEMENT OF FACTS

### A.    What Is in the Complaint

---

[3] True and correct copies of the front and rear labels of CVS Advanced Formula Hand Sanitizer are attached as Exhibits A, B and C to the Declaration of Alisa Benson.  While the labels were not attached to the Complaint, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Fecht v. Price Co*., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (internal quotations and citation omitted); *see also*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

1        This case concerns CVS brand alcohol-based hand sanitizers that Mier

2   claims he purchased at a CVS store in Santa Ana, California in August 2019.

3   Complaint*, ¶ 7. He claims to have been deceived by the Products' "primary display

4   panel," which states that the Products "kill 99.99% of germs*." *Id*., ¶¶ 2-3. He

5   contends this statement is false and misleading because the Products are allegedly

6   not effective with respect to a handful of organisms, including Enterococcus

7   faecium, norovirus, bacterial spores and "protozoan cysts, which grow to become

8   invasive parasites, such as Giardia." *Id.*, ¶¶ 17-21.  Plaintiff admits that the front

9   display panel contains an asterisk, directing the consumer to the rear panel, which

10  states "*Effective at eliminating 99.99% of *many common harmful germs &*

11  *bacteria…*" and further admits that *he did not read the rear label*, claiming that a

12  reasonable consumer would not understand it. *Id.*, ¶15. (emphasis added) Plaintiff

13  claims that it has not been scientifically proven that hand sanitizers kill 99.99% of

14  germs. *Id.*, ¶ 35.

15       Mier purports to bring this action on behalf of a class of California

16  consumers who purchased the Products within the past four years. *Id.*, ¶ 24. He

17  attempts to state claims for Intentional Misrepresentation, Negligent

18  Misrepresentation, Violation of California False Advertising Law, Cal. Bus. &

19  Prof. Code § 17500 *et seq*., and Violation of the Unfair Competition Law ("UCL"),

20  Cal. Bus. & Prof. Code § 17200, *et seq*. He seeks damages, restitution, injunctive

21  relief, attorney's fees, and other costs. *See, e.g.*, *id*.

22      **B.**    **What Is *Not in* the Complaint**

23       Mier never says why he purchased CVS brand hand sanitizers.   He says that

24  he "relied on" the representations on the Products' front display panels, but ***he***

25  ***never specifically says what he expected of the Products at the time of his***

26  ***purchase, or how they failed to meet his undisclosed expectations.***  He does not

27  claim the Products failed to serve their purpose as a hand sanitizer, let alone that he

28  was exposed to any disease-causing virus or bacteria, because it was not killed

when he applied the Products to his hands. He does not claim to have developed any infections or any other illness following his use of the Products. In fact, *he does not claim that he ever opened or used the Products.*

Although the media has been saturated with *government* recommendations and other information regarding the use and effectiveness of alcohol-based hand sanitizers when handwashing is not available, Plaintiff does not mention this, and instead claims he purchased the Products based exclusively on his interpretation of the front panels.

Finally, Mier does not challenge that the Products do, in fact, kill 99.99% of "many common harmful germs & bacteria." (If this case continues, the manufacturer of the Products, Vi-Jon, LLC, will prove that it does.) Plaintiff's claim therefore rests solely on his reflexive assumption that the language on the front label—when read in a vacuum and while disregarding the asterisk and the rear label language—is misleading.

## III.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE MIER LACKS STANDING

### A.     Legal Standard Applicable to Rule 12(b)(1)

Article III of the United States Constitution dictates that jurisdiction of the federal courts extends only to actual cases or controversies. To satisfy Article III's standing requirements, a plaintiff must show: (1) that he has suffered injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). With respect to the injury in fact requirement, the Supreme Court has held that the injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). When a complaint alleges potential future injury, the threat of future harm must be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

1  "certainly impending" rather than a mere possibility. *Whitmore v. Arkansas*, 495

2  U.S. 149, 158 (1990); *Lujan*, *supra*, 504 U.S. at 564.

3  When, as here, the Complaint does not demonstrate a basis for standing, the

4  Court should dismiss the action. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d

5  1136, 1139 (9th Cir. 2003).

6  **B.   The Complaint Does Not Disclose Any Injury-in-Fact**

7  Plaintiff has not pled facts to show ***any palpable injury***. Instead, the

8  Complaint is entirely predicated on a "potential" risk of disease – an unrealized

9  risk of harm that could have resulted from use of the Products (or which the

10  Products allegedly failed to prevent), but which Mier does not claim occurred. As

11  courts have held time and again, the hypothetical risk of future injury is

12  insufficient to establish standing. *See, e.g.*, *Degelmann v. Advanced Med. Optics,*

13  *Inc.*, No. C 07-3107 PJH, 2010 WL 55874 (N.D. Cal., Jan. 4, 2010) (granting

14  summary judgment where plaintiffs' claim that they would not have purchased a

15  contact lens solution had they known that the solution was less effective in

16  disinfecting against disease causing acanthamoeba, was insufficient to establish

17  actual injury).[4]

18  Mier cannot overcome the standing hurdle through his conclusory

19  allegation that the Products "did not perform as advertised," and that he did not

20

21  [4] *See also, e.g.*, *Boysen v. Walgreen Co.*, No. C 11-06262 SI, 2012 WL 2953069, at
22  *3-7 (N.D. Cal. July 19, 2012) (granting motion to dismiss complaint where
    plaintiff consumed fruit juice allegedly containing detectable levels of arsenic, but
23  made no allegations of physical injury or violation of FDA guidelines); *Herrington*
24  *v. Johnson & Johnson Consumer Companies, Inc.*, No. C 09-1597 CW, 2010 WL
    3448531, at *3 (N.D. Cal. Sept. 1, 2010) (granting motion to dismiss based on lack
25  of standing where plaintiffs failed to plead facts sufficient to show that a palpable
26  risk of injury exists from the presence of certain chemicals in children's bath
    products); *Mcgee v. Diamond Foods, Inc.*, No. 14cv2446 JAH (DHB), 2016 WL
27  816003, at *6 (S.D. Cal., Mar. 1 2016); *In re BPA Polycarbonate Plastic Products*
28  *Liability Litig.*, 687 F. Supp. 2d 897, 912-913 (W.D. Mo. 2009); *Koronthaly v.*
    *L'Oréal USA, Inc.*, 374 Fed. Appx. 257 (3d Cir. 2010).

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS**

receive the benefit of his bargain. Complaint, ¶ 5. This Court should reject Plaintiff's attempt to "recast no-injury products-liability claims (which are not cognizable) as consumer fraud claims." *Lassen v. Nissan*, 211 F. Supp. 3d 1267, 1281 (C.D. Cal. 2016). Countless federal courts have dismissed for lack of standing "no-injury" products cases brought as consumer deception claims—cases where plaintiffs alleged that they would not have purchased the product had they known of an alleged risk—absent allegations that they actually sustained injury as a result of exposure to the product. *See, e.g.*, *id.* at 1281-82, and n. 10.  In *Birdsong v. Apple Inc.*, 590 F.3d 955 & n.4 (9th Cir. 2009), for example, the Ninth Circuit agreed with the lower court that the plaintiffs lacked Article III and statutory standing, despite allegations in the complaint that "Had Plaintiffs known that the iPod had a defect . . . they would not have purchased the iPod." *Birdsong v. Apple Inc.*, No. C 06-02280 JW, 2008 WL 7359917, at *2, *aff'd*, 590 F.3d 955 (N.D. Cal. June 13, 2008).[5]

It's not clear from the Complaint why Mier purchased CVS brand hand sanitizer in Santa Ana in August 2019, read the front label but ignored the asterisk and the rear label, and apparently never opened or used the Products. While he claims that he "relied" on the front display panels. He does not say ***what he relied on them for.***  That is, he does not specifically say what health or other benefit he expected the Products to provide and how, if at all, the Products allegedly failed to

---

[5] *See also, e.g.*, *Contreras v. Toyota Motor Sales U.S.A. Inc.*, 484 F. App'x. 116, 118 (9th Cir. 2012) (no standing despite plaintiffs' bare allegation "that they would not have purchased the vehicles had they known of the defect"); *Fisher v. Monster Beverage Corp.*, 125 F. Supp. 3d 1007, 1021 (C.D. Cal. 2013)*, aff'd in relevant part,* 656 F. App'x 819, 822 (9th Cir. 2016); *Simpson v. California Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1022 (S.D. Cal. 2013); *Degelmann*, 2010 WL 55874, at *3 (plaintiff's only injury which consisted of purchasing Complete product was insufficient to qualify as an injury in Complaint.); *Makaryan v. Volkswagen Group of Am., Inc.*, No. 17cv5086-PA, 2017 WL 6888254, at*5 (C.D. Cal. Oct. 13, 2017); *Boysen v. Walgreen Co.*, No. 11cv06262-SI, 2012 WL 2953069, at *5 (N.D. Cal. July 19, 2012).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

meet his expectations. What is clear is that Mier has not claimed that he suffered any type of actual physical or other injury as a result of his alleged purchases, and has not satisfied his burden to establish injury-in-fact.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM

### A.   Legal Standard Applicable to Motions Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the pleadings. To overcome a 12(b)(6) motion, the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. *See id*. at 678-79.

### B.   Because Mier Alleges Consumer Fraud, He is Required to Meet Rule 9(b)'s Heightened Pleading Standard

Where, as here, the claims are "grounded in fraud," the pleading must satisfy the particularity requirement of Rule 9(b), which requires the plaintiff to "state with particularity the circumstances constituting fraud." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125-26 (9th Cir. 2009); Fed. R. Civ. P. 9(b); *see also Sateriale v. R. J. Reynolds Tobacco Co.,* 697 F.3d 777, 793, 794 (9th Cir. 2012) (UCL and CLRA claims sound in fraud and must comply with Rule 9(b)). In addition to identifying "the who, what, when, where, and how of the misconduct charged," plaintiffs must explain "what is false or misleading about [the purportedly fraudulent] statement, and ***why it is false***." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted) (emphasis added). Plaintiff must also allege that "the

misrepresentation was ***an immediate cause of [the] injury-producing conduct***." *In re Tobacco II Cases*, 46 Cal.4th 298 (2009) (emphasis added).

Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (emphasis added, internal citations and quotation marks omitted). The circumstances constituting the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns*, *supra*, 567 F.3d at 1124 (citing *Bly–Magee, supra,* 236 F.3d at 1019).

## C. <u>Plaintiff Fails Meet the Heightened Pleading Standard or to Allege the Circumstances of His Purchase</u>

Mier fails to adequately spell out how Products' label statements allegedly misled him. The crux of the Complaint is that the front label of the Products, read in isolation, misrepresents the Products' antimicrobial effectiveness. Plaintiff acknowledges that the back label states that the Products are effective at eliminating *many common harmful germs & bacteria* (Complaint, ¶ 15), and yet fails to explain how the label is false or misleading *when read as a whole*. Plaintiff does not allege that the Products (as advertised) do not eliminate many common harmful germs and bacteria nor does he cite any testing on the Products to disprove the label claims.

Further, the Complaint does not describe how the allegedly misleading statement on the Products' front label deceived Mier into purchasing the Products, and does not indicate *how* the alleged misrepresentation *caused* his alleged injury.

8

Did he expect a hand sanitizer to protect him from norovirus? Bacterial spores? Enterococcus faecium? Protozoan cysts? Invasive parasites? Did he seek out the Products in an effort to protect himself from those specific germs?  Was he exposed to or did he contract any of the viruses or germs he lists in the Complaint after using the Products? The Complaint does not answer any of these critical questions. Mier cannot meet Rule 9(b)'s particularity requirement unless he "connects the dots" between the alleged misrepresentation and his alleged damage. *Kwikset Corp. v. Superior Court*, 51 Cal 4th 310, 320 (2011) (plaintiff is required to prove "actual reliance on the allegedly deceptive or misleading statements.")

Moreover, Plaintiff's claim that "[n]o scientific study indicates that alcohol-based hand sanitizers kill 99.99% of germs," is a "lack of substantiation" argument which is not cognizable under California law and should be rejected. *See Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc*., 107 Cal. App. 4th 1336, 1345 (2003) (prosecuting authorities, but not private plaintiffs, have the administrative power to request advertisers to substantiate advertising claims before bringing actions for false advertisement…); *Kwan v. Sanmedica International*, 854 F.3d 1088 (9th Cir. 2017) (precluding private citizens from bringing actions that allege that the challenged advertising language merely lacked proper scientific substantiation); see also *Eckler v. Wal-Mart Stores, Inc.,* No. 12-CV-727, 2012 WL 5382218, at *1 (S.D. Cal. Nov. 1, 2012); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012) ("Consumer claims for lack of substantiation are not cognizable under California law."); *Stanley v. Bayer Healthcare LLC*, No. 11cv862, 2012 WL 1132920 (S.D. Cal. April 3, 2012); *Nilon v. Natural-Immunogenics Corp.,* No. 3:12cv00930, 2013 WL 5462288 (S.D. Cal. Sept. 30, 2013). It is well established under California law that a private plaintiff is not entitled to bring a "lack of substantiation" claim. For that reason alone, Mier's Complaint should be dismissed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

1

2

3

**D.**    **A Reasonable Consumer Would Not Interpret CVS's Labels to Mean that the Products Will Kill Every Conceivable Disease-Causing Microorganism**

4

5

6

7

8

9

10

11

12

13

14

Dismissal is appropriate where a court can conclude as a matter of law that members of the public are not likely to be deceived by an advertisement. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *see also Rubenstein v. The Gap, Inc.*, 14 Cal.App. 5th 870, 877 (2017) (sustaining demurrer because the facts alleged fail as a matter of law to show a likelihood of confusion). Where, as here, a plaintiff's claims are each predicated on an alleged misrepresentation on a product package, those claims should be dismissed if the product packaging and labels *as a whole* would not establish "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A review of the entire Product label reveals that the language on the front label is followed by an asterisk, alerting the consumer to the language on the rear label: "*Effective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." Complaint, ¶ 15. The Ninth Circuit and the California district courts have held that a reasonable consumer would read an asterisk or similar notation as an indication that there is important information elsewhere on the package or in a separate document. *See Dinan v. SanDisk LLC*, No. 18-cv-05420-BLF, 2020 WL 364277 (N.D. Cal Jan. 22, 2020) (appeal filed February 2020) (reasonable consumer could not have been misled where front-of-package claim included an asterisk which linked to a clarifying disclosure on the back of the package); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (rejecting consumer deception claims where promotional offer advertised promotion in large print with qualifying language in small print that would have been read by a reasonable consumer). The Court in *Dinan* explained:

10

> "Asterisks are common in both commerce and elsewhere
> to denote that the 'reader' should be aware that there is
> more than meets the eye." Because "the asterisk calls the
> consumer's attention to the fact that there is supplemental
> information on the package that the consumer should
> read, it matters less that the disclosure is allegedly not
> conspicuous on the package." "Once the consumer is
> directed to look for the disclosure because of the asterisk,
> he knows to look for it and can find it in the fine print."

*Dinan*, 2020 WL 364277, at *8 (citations omitted). *See also Hill v. Roll Int'l*, 195 Cal. App. 4th 1295, 1305 (2011) (reasonable consumers would not be deceived by product packaging directing consumers to separate website containing allegedly omitted information); *Garcia v. Sony Comput. Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1065 (N.D. Cal. 2012) (statements on package about product compatibility accompanied by an asterisk directing consumers to a separate document were "only partial statements, and do not rise to the level of affirmative misrepresentations" without examining the document referred to); *Bobo v. Optimum Nutrition, Inc.*, No. 14CV2408 BEN (KSC), 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015) ("[a] plaintiff cannot pursue a claim based on a statement that can only be misleading when the information surrounding it is ignored."); *Castagnola v. Hewlett-Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *8-10 (N.D. Cal. June 13, 2012) (dismissing claims where "offer details" stated that plaintiffs would be charged activation and monthly fees);

The Complaint does not allege that the entire label (front and back) is literally false, misleading, or otherwise inappropriate. When read as a whole, the label confirms to the reasonable consumer that the 99.99% reference is to *many common harmful germs and bacteria* – a true, accurate, and supported representation. Plaintiff certainly cannot prove "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Each of his claims should

therefore be dismissed with prejudice. *Ebner*, 838 F.3d at 965-66 (affirming dismissal of UCL, CLRA, FAL claims where "Plaintiff has not alleged, and cannot allege, facts to state a plausible claim that the [product] label is false, deceptive, or misleading"); *see also Saulic v. Symantec Corp.*, 596 F. Supp. 2d 1323, 1329 (C.D. Cal. 2009) ("A person cannot establish injury and standing by spending money solely to pursue litigation."); *Pridgen v. Church & Dwight Co., Inc.* 2020 WL 2510517, at *1 (C.D. Cal. Mar. 2, 2020) (front label of a product is not misleading when the side or rear label contains important qualifications placing the front label in context).

Further, even if this Court were to ignore the asterisk and the rear label language (which it should not), Plaintiff's interpretation of the front label language is implausible and inconsistent with how a reasonable consumer would understand the Products' function. Over the past few months, the effectiveness of hand sanitizer has become a subject of considerable public attention. A Google search of "Hand Sanitizer Effectiveness" turns up over 5 million results. Easily available references from the Centers for Disease Control ("CDC") and FDA generally state that, while hand sanitizers are effective against many harmful microorganisms, they do not kill *all* microorganisms.[6]  These references also state that washing with soap and water is generally more effective than hand sanitizer for hand hygiene. In addition to turning the product over and looking at the rear label, a reasonable consumer who was concerned about the effectiveness of hand sanitizer might use his or her smart phone to find this easily available information on the internet.  He or she also would be likely to have heard the government's public service messages.

---

[6]  *See, e.g.*, Centers for Disease Control and Prevention, *Show Me the Science – When & How to Use Hand Sanitizer in Community Settings* (Sept. 20, 2020), https://www.cdc.gov/handwashing/show-me-the-science-hand-sanitizer.html

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

Moreover, common sense and logic would dictate that a *hand* sanitizer product will eliminate the germs and bacteria *commonly* found on *hands*.  With few exceptions, the organisms Plaintiff identifies in the Complaint either do not occur on human hands or are not common. Norovirus (Complaint, ¶ 19) is a food borne pathogen spread predominantly in health care facilities through fecal material or vomit particles.[7] Enterococci (*Id.*, ¶ 18) are normally found in gut and genital tracts and predominantly transmitted in healthcare settings.[8] Mier never indicates why or how he became concerned about these particular organisms or why a reasonable consumer would expect a hand sanitizer to address them.

### E.       The Complaint Fails to Support a False Advertising Claim

In addition to pleading that a defendant actually made an untrue or misleading statement, a plaintiff pursuing a claim under the FAL must sufficiently plead that the defendant made statements that were "known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Because Plaintiff fails to allege facts, rather than self-serving conclusory statements, supporting his claim that the Products were advertised as effective at eliminating 99.99% of all disease-causing microorganisms, there is no basis to infer that CVS had knowledge of any false statement allegedly made to Plaintiff.

### F.       Plaintiff's Unfairness and Unlawfulness Claims Fail

Mier cannot state a claim under the UCL's "unfairness" prong, because he has not alleged any conduct by CVS that "offends an established public policy or

---

[7] Centers for Disease Control and Prevention, *Norovirus*, (April 5, 2019), http://cdc.gov/norovirus/index.html.   CDC states that alcohol-based hand sanitizers can be used to control norovirus outbreaks in addition to hand washing with soap and water.  *See* Centers for Disease Control and Prevention, *Preventing Norovirus* (Nov .25, 2019), http://cdc/gov/norovirus/about/prevention.html.

[8] Centers for Disease Control and Prevention, *Healthcare-associated Infections*, (Nov. 13, 2019), https://www.cdc.gov/hai/organisms/vre/vre.html.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

... is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 939 (4th Dist. 2003). Similarly, his "unlawfulness" claim fails because he has not alleged any facts to support a violation of any underlying law. The Complaint does not identify facts to show any violations of the statutes which he claims that CVS violated. Rather, his claims rest on the same conclusory and defective allegations described above. Therefore, Plaintiff's "unlawful" claim must fail. *See Berryman v. Merit Property Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554-55 (2007) (plaintiff did not state a claim under the "unlawful" prong where it failed to plead facts to support its allegations that defendant violated statutes). Moreover, as discussed above, Plaintiff cannot state a claim under the UCL or FAL and does not allege any other basis for his unlawfulness claim. *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (stating that an "unlawfulness" claim "stands and falls with the viability of [the] other claims.")

### G. Plaintiff's Intentional Misrepresentation Claim Fails

To state a claim for intentional misrepresentation under California law, a plaintiff must plead the following elements with particularity: (1) a representation of fact, (2) which is false, (3) knowledge of its falsity, (4) intent to defraud, (5) justifiable reliance, and (6) damage resulting from that justifiable reliance (*See, e.g.*, *Manderville v. PCG & S Group, Inc.* (2007) 146 Cal.App.4th 1486, 1498.) Allegations of fraud must be pleaded with specificity; general and conclusory allegations do not suffice. (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 74; *Nagy v. Nagy* (1989) 210 Cal.App.3d 1262, 1268.) Plaintiff's intentional misrepresentation claim fails for two reasons. First, as set forth above, Plaintiff has not, and cannot, plead that the challenged claims would mislead a reasonable consumer. Thus, that statement cannot form the basis of an intentional misrepresentation claim. (*See Stuart v. Cadbury Adams USA, LLC* (9th Cir. 2011)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

458 F. App'x 689, 691-92 [fraud claim dismissed because challenged statement could not, as a matter of law, have misled a reasonable person.])

Second, Plaintiff has not, and cannot, allege that CVS acted with the requisite fraudulent intent to deceive. Even if a reasonable consumer could somehow be deceived by the front label claims, Plaintiff admits that the Products publicly disclosed on the back panel that the 99.99% claim applied to "*many common harmful germs & bacteria,*" which is completely inconsistent with the conclusory allegation that CVS intended to defraud. (*See, e.g.*, *Chem. Device Corp. v. Am. Cyanamid Co*. (N.D. Cal. Jan. 11, 1990) Case No. C-89-1739 WHO, 1990 WL 56164, at *3 ["the court is not bound to accept conclusory legal allegations in the complaint when more specific allegations in the pleadings are at variance with those conclusions"].)

## H.   The Economic Loss Doctrine Bars Plaintiff's Intentional and Negligent Misrepresentation Claims

Plaintiff's misrepresentation claims fail not only because Plaintiff has failed to show that the challenged claim would mislead a reasonable consumer,[9] but also because it is barred by California's economic loss doctrine. Under California law, "[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *J'Aire Corp. v. Gregory* 24 Cal. 3d 799, 804 (1979). Plaintiff does not allege personal injury or

---

[9] Negligent misrepresentation is a form of fraud, and as such, must be pleaded with the same particularity as a cause of action for fraud. *Continental Airlines, Inc. v. McDonnell Douglas Corp.* 216 Cal.App.3d 388, 403-404 (1989). The elements of that cause of action are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages caused thereby. *BLM v. Sabo & Deitsch* 55 Cal.App.4th 832, 834 (1997).

property damage, only that he would not have purchased the Products had he known that they do not kill 99.99% of all germs known to mankind. *See, e.g.*, Complaint, ¶ 40. As Mier has not, and cannot, establish the required injury to avoid the economic loss doctrine, his misrepresentation claim should be dismissed as a matter of law.[10]

## V.   PLAINTIFF'S CLAIMS ARE BARRED BY PREEMPTION AND PRIMARY JURISDICTION

The Federal Food, Drug, and Cosmetic Act ("FDCA") comprehensively regulates over-the-counter ("OTC") drugs, their ingredients, and labeling. "Labeling" under 21 U.S.C. §321(m) is defined as "all labels and other written, printed or graphic material (1) upon any article or any of the containers or wrappers, or (2) accompanying such article." According to 21 U.S.C. §352, in pertinent part: "A drug or device shall be deemed to be misbranded … (a) False or misleading label… If its labeling is false or misleading in any particular." *See* 59 Fed. Reg. 31402, 31431-31432, 31438, 31441-31444 for "Labeling of health-care antiseptic drug products" and "Testing of healthcare antiseptic drug products."[11]

---

[10] *See, e.g.*, *Minkler v. Apple, Inc.* No. 5:13-CV-05332-EJD, 2014 WL 4100613, at *6 (N.D. Cal. Aug. 20, 2014)  (negligent misrepresentation claim dismissed pursuant to California's "economic loss" rule, where plaintiff alleged she would not have purchased the iPhone 5 had she known of an alleged Apple Maps defect); *Ladore v. Sony Computer Entm't Am., LLC*, No. C-14-3530 EMC, 2014 WL 7187159, at *8-9 (N.D. Cal. Dec. 16, 2014)  (negligent misrepresentation claim dismissed pursuant to the "economic loss" rule where plaintiff alleged only economic damages as a result of his purchase of allegedly defective Sony product); *Vavak v. Abbott Labs., Inc.*, No. SACV 10-1995 JVS, 2011 WL 10550065, at *4-6 (C.D. Cal. June 17, 2011) (negligent misrepresentation claims based solely on money damages incurred from the purchase price barred by the "economic loss" rule where purchaser alleged that she would not have paid for allegedly defective baby formula).

[11] The FDCA defines labeling: "The term 'labeling' means all labels and other written, printed, or graphic matters (1) upon any article or any of its containers or

16

## A.   <u>Hand Sanitizer is Regulated Exclusively by the FDA</u>

Antiseptic products, including hand sanitizers, that are intended to prevent, mitigate, or treat disease, or have an effect on the structure and function of the body, are regulated by the Food and Drug Administration ("FDA") as OTC drugs. 21 U.S.C.§§ 321, 352; 21 C.F.R. § 201, *et seq.*  FDA determines whether the active ingredients used in OTC drugs are generally recognized as safe and effective ("GRAS/E") through its monograph program. *See* 21 C.F.R. § 330.1 ("An over-the-counter (OTC) drug listed in this subchapter is generally recognized as safe and effective and is not misbranded if it meets each of the conditions contained in this part and each of the conditions contained in any applicable monograph."); *NRDC, Inc. v. FDA*, 710 F.3d 71, 75 (2d Cir. 2013) ("FDA issues a detailed regulation—a 'monograph'—for each therapeutic class of OTC drug products. Like a recipe, each monograph sets out the FDA-approved active ingredients for a given therapeutic class of OTC drugs and provides the conditions under which each active ingredient is GRAS/E.").

While some categories of OTC drugs are the subject of final monographs that have been incorporated into FDA's regulations, many categories of OTC drugs, including antiseptics for consumers and in healthcare settings, are only the subject of "tentative final" monographs. Currently, ethyl alcohol-based hand sanitizers may be marketed for both consumer use and in healthcare settings if they comply with the requirements of FDA's 1994 Tentative Final Monograph ("TFM") for Health-Care Antiseptic Drug Products dated June 17, 1994. 59 Fed. Reg. 31402.  FDA considers the TFM to represent the Agency's current thinking on the safety of ingredients for OTC healthcare and consumer antiseptic drug products

---

wrappers, or (2) accompanying such article." 21 U.S.C. § 321(m). Accordingly, websites that show label claims incidental to the sales of the product at issue are "labeling" within the meaning of federal law. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

and can take regulatory action against any product that it finds to violate a monograph or a TFM. *See*, *NRDC, Inc. v. FDA*, 710 F.3d 71, 75 (2d Cir. 2013).

For alcohol-based hand sanitizers, the TFM includes: (1) specific ingredients and general formations deemed GRAS/E; (2) exemplar claims for designated product uses; and (3) guidance for verification testing for "germ" kill tests. 59 Fed. Reg. 31402. The Products comply with the TFM with respect to ingredients, label claims, and verification. In the TFM, FDA proposed that products labeled as healthcare personnel handwashes or as antiseptic handwashes could state on their labels, "truthful and non-misleading statements, describing only the indications for use." 59 Fed. Reg. 31402.

Importantly, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), signed into law on March 27, 2020, reformed FDA's OTC drug product review process and, in relevant part, deemed currently marketed OTC drugs as GRAS/E if they are classified as Category I (meaning that FDA determined that the drug was GRAS/E) under a TFM and comply with such TFM. "Alcohol 60 to 95%" was classified as Category I in the 1994 TFM, and thus, ethyl alcohol-based hand sanitizers that comply with the 1994 TFM are deemed GRAS/E under the CARES Act. While the CARES Act impacts the legal status of hand sanitizers, it does not impact the labeling requirements as outlined in the 1994 TFM.

### B.  Plaintiff's Claims Are Expressly Preempted

The FDCA contains an express preemption clause stating that "all proceedings for the enforcement, or to restrain violations of [the Act] shall be by and in the name of the United States." FDCA § 337(a). Courts have interpreted this provision of the FDCA to mean that no private right of action exists to address violations of the FDCA and that the right to enforce the Act's provisions lies within the federal government's domain, by way of either the FDA or the Department of Justice. *See Gile v. Optical Radiation Corp.*, 22 F.3d 540, 544 (3d

Cir. 1994), *cert. denied*, 513 U.S. 965 (1994) ("violations of the FDCA do not create private rights of action"); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994) (citing the same principle); *Ginochio v. Surgikos, Inc.*, 864 F. Supp. 948, 956 (N.D. Cal. 1994) (citing various courts that have held that "there is no private cause of action for violation of the Food, Drug, and Cosmetic Act"). The absence of a private right of action also prohibits use of "state unfair competition laws" "as a vehicle to bring a private cause of action that is based on violations of the FDCA." *In re Epogen & Aranesp Off-Label Mktg & Sales Practices Litig.*, 590 F. Supp. 2d 1282, 1290-91 (C.D. Cal. 2009); *Craig v Twinings North America, Inc.*, No. 5:14-cv-05214, 2015 WL 505867 (W.D. Ark. Feb. 5, 2015) ("If allowed to proceed, the state law claims would impose liability inconsistent with the FDCA.").

In *Summit Tech. v. High-Line Medical Instruments Co.*, 922 F. Supp. 299, 305 (C.D. Cal. 1996), the plaintiff alleged, *inter alia*, causes of action for unfair competition and false advertising under various California statutes. The defendants moved to dismiss, contending that the plaintiff's claim for false advertising failed because it impermissibly attempted to redress alleged violations of the FDCA. The court granted the motion, holding that the right to enforce the FDCA lies exclusively with the federal government. *Id*. at 306. The court further noted that the complaint sought to "usurp[] the FDA's discretionary role in the application and interpretation of its regulations, and would force the court to rule on the legality of defendants' conduct before the FDA had a chance to do so." *Id.*; *see also Craig*, *supra*, 2015 WL 505867. Here, the primary form of relief Plaintiff seeks - changes to the marketing and labeling for the Products - would completely invade FDA's authority over labeling and packaging. Plaintiff's claims, therefore, are preempted by the FDCA.

### C.   Plaintiff's Claims Are Impliedly Preempted

"Field preemption" exists when a "scheme of federal regulation [is] so

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

pervasive as to make reasonable the inference that Congress left no room to supplement it" because "the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject," or because "the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose." *Pac. v. State Energy Res. Conservation*, 461 U.S. 190, 204 (1983). Congress and the FDA have promulgated a vast body of federal law regulating the food, drug and cosmetics industry, especially with regard to labeling of antimicrobial products. *See, e.g.*, FDCA, 21 C.F.R. § 201, *et seq.* and 21 U.S.C. § 301, *et seq.* As noted in the Monograph: "This antimicrobial rulemaking is broad in scope, encompassing products that may contain the same active ingredients, but are labeled and marketed for different uses." 59 Fed. Reg. 31402, 31403. The Monograph also provides "detailed testing procedures" for "manufacturers of [antimicrobial] products containing ingredients not included in the proposed monograph" and provides "manufacturers guidance on testing requirements for regulatory compliance." *Id*. at 31441.

The FDA's expansive regulations related to labeling and testing clearly indicate an attempt to occupy the entire field of antimicrobial product labeling regulation. Any attempt to argue that the Products violated state law because the labeling of the antimicrobial products is allegedly deceptive must be impliedly preempted by federal law.

**D**. <u>**The Doctrine of Primary Jurisdiction Bars Plaintiff's Claims**</u>

Federal law bars Plaintiff's claims, as they are subject to the primary jurisdiction of the FDA. The primary jurisdiction doctrine ensures the proper working relationship between federal agencies and courts. See *United States. v. W. Pac. R. R. Co*., 352 U.S. 59, 62 (1956); *Far E. v. United States*, 342 U.S. 570, 575 (1952). The doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *W. Pac. R. R. Co*., *supra*, 352 U.S. at 64.

The FDA is actively enforcing its regulations as they relate to hand sanitizers. FDA's website currently contains the following statement:

> **The FDA regulates hand sanitizer as an over-the-counter drug, available without a prescription. We test hand sanitizers for quality because it is a product we regulate. We discovered serious safety concerns with some hand sanitizers during recent testing, including:**
>
> > **Contamination with potentially toxic types of alcohol**
> >
> > **Not enough active ingredient (ethyl alcohol or isopropyl alcohol)**
> >
> > **Labels with false, misleading, or unproven claims**
> >
> > **Some hand sanitizers have been recalled and there are more than 150 hand sanitizers the FDA recommends you stop using right away.**[12] (emphasis added).

CVS brand hand sanitizer is not on FDA's long list of hand sanitizers that have been recalled or that "you should stop using right away." Clearly FDA is deeply engaged in monitoring the safety, effectiveness and labeling of hand sanitizers. Not only has FDA declined to criticize the Products, FDA is actively promoting them because they are vital to public health. FDA's website also says: "***One of the best ways to prevent the spread of COVID-19 is to wash your hands with soap and water. If soap and water are not available, the Centers for Disease Control and Prevention (CDC) recommends using an alcohol-based hand sanitizer that contains at least 60 percent ethanol (also known as ethyl alcohol)*** *Id.* Whether hand sanitizers are appropriately labeled is clearly a question for the FDA. *Israel v. Baxter Labs., Inc*., 466 F.2d 272, 280 (D.C. Cir.

---

[12] U.S. Food & Drug Administration, *Is Your Hand Sanitizer on FDA's List of Products You Should Not Use?* (Sept. 3, 2020), https://www.fda.gov/consumers/consumer-updates/your-hand-sanitizer-fdas-list-products-you-should-not-use.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

1972) (deferring to FDA because the question of whether a drug is safe and effective was "most properly for the FDA"). The Court should deny Plaintiff's attempt to litigate questions subject to the primary jurisdiction of the FDA.

## VI.   PLAINTIFF IS NOT ENTITLED TO EQUITABLE RELIEF

Where a cause of action allows for multiple forms of relief, and one such form of relief is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). Plaintiff's claims for restitution and injunctive relief should be stricken or dismissed with prejudice.

### A.   Plaintiff's Claims for Equitable Relief are Precluded Because He Has Not Alleged That He Lacks an Adequate Remedy at Law

Plaintiff's claims for equitable relief under the UCL, FAL, and common law should be dismissed because Plaintiff has made clear that he is seeking *both* equitable relief *and* compensation for his alleged "monetary injury." *See* Complaint, ¶¶ 58, 68. He nowhere alleges that he lacks an adequate remedy at law.

It is well-settled that the UCL and FAL do not permit a claim for damages, but only restitution and injunctive relief. Moreover, a plaintiff may only seek equitable relief under the UCL where he lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1081 (9th Cir. 2020) (plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL" (citations omitted)); *see also Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (citing *Philips v. Ford Motor Co.*, No. 14- CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("[T]he UCL provides only the equitable remedies of restitution and injunctive relief. A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available.") (citations omitted)).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

Here, Mier cannot establish a lack of an adequate remedy at law, as is required to pursue equitable relief. To the contrary, he is concurrently seeking money damages under the UCL and the FAL for the *exact same conduct for which he also seeks* "affirmative injunctive relief." *See, e.g.*, Complaint. Accordingly, Mier's claims for injunctive relief and restitution must be dismissed with prejudice.

**B.     Plaintiff Is Not Entitled to Restitution**

Plaintiff's claims for restitution under the FAL, UCL, and quasi-contract claims are also inappropriate here. Where a plaintiff receives something equal to or greater in value than the amount he paid for it, that plaintiff has not suffered any financial loss, and restitution is unavailable. *In re Tobacco Cases II*, 240 Cal.App. 4th 779, 801-02 (2015). In *Tobacco II*, the Court of Appeal held that the trial court "lacked discretion to award restitution" because "plaintiffs did not establish any price/value differential . . . ." *Id.* at 802. The Ninth Circuit has agreed that price/value differential sets forth the proper measure of restitution when a plaintiff has obtained value from the item she bought. *See Brazil v. Dole Packaged Foods, LLC*, 660 Fed. Appx. 531 (9th Cir. Sept. 30, 2016).

Here, Mier does not allege that the hand sanitizer he purchased was worth less than what he paid for it, or that he could have gotten similar hand sanitizers for less elsewhere. Because Mier does not allege any basis on which restitution could be rewarded, his claims should be dismissed. *See Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1095 (C.D. Cal. 2015) (dismissing false advertising claim because "Warner does not allege that … [the product] was worth less than what he paid for it. He has therefore not pled that he suffered a loss capable of restitution under the FAL or UCL").

**VII.   CONCLUSION**

Joseph Mier does not appear to be a reasonable consumer who was misled by the front labels on the hand sanitizer Products he allegedly purchased at CVS in 2019. He does not allege any personal or financial injury as a result of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS

1   purchasing or using the Products, having read only half of the labels. For all of the

2   reasons set forth above, CVS respectfully requests that the Court dismiss

3   Plaintiff's Complaint, and all claims therein, with prejudice.

4

5   DATED:  October 20, 2020            STEPTOE & JOHNSON LLP

6

7

8                                       By:  */s/ Melanie Ayerh*
                                        Carol Brophy
9                                       Danielle Vallone
                                        Melanie Ayerh
10

11                                      Attorneys for Defendant CVS
                                        PHARMACY, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CVS PHARMACY, INC'S MOTION TO DISMISS