**WILSHIRE LAW FIRM**
THIAGO COELHO, State Bar No. 324715
thiago@wilshirelawfirm.com
ROBERT DART, State Bar No. 264060
rdart@wilshirelawfirm.com
CINELA AZIZ, State Bar No. 318192
cinela@wilshirelawfirm.com
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

*Attorneys for Plaintiff Joseph Mier*
*and the Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH MIER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CVS HEALTH, a Rhode Island Corporation; and Does 1 to 100, inclusive,<br><br>Defendant. | CASE NO.: 8:20-cv-01979-DOC-ADS<br><br>**PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE**<br><br><u>Hearing</u>:<br>Date: November 23, 2020<br>Time: 8:30 a.m.<br>Courtroom: 9D<br>Judge: Hon. David O. Carter |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# TABLE OF CONTENTS

<u>Headings</u>                                                                                           <u>Page(s)</u>

I.     INTRODUCTION .................................................................................1

II.    STATEMENT OF FACTS.....................................................................2

III.   ARGUMENT........................................................................................4

     A. VI-JON'S MOTION SHOULD BE DENIED BECAUSE VI-JON
        FAILED TO MEET AND CONFER.....................................................4

     B. VI-JON FAILED TO SATISFY THE REQUIREMENTS FOR
        INTERVENTION AS OF RIGHT.........................................................5

        1.Vi-Jon May Not Intervene as of Right Because It Has Not Defined
        a Significant Protectable Interest Relating to the property or
        Transaction that is the Subject of the Action .....................................6

            a) Vi-Jon's Allegation that it Designed the Product Labeling
            Should Not Be Afforded the Presumption of Truth...................7

            b) Vi-Jon Does Not Have an Interest in Claims Related Solely
            to Product Labeling .................................................................8

        2. Vi-Jon May Not Intervene as of Right Because the Disposition of
        the Action Will Not, as a Practical matter, Impair or Impede Its
        Ability to Protect Its Interest..............................................................9

        3. Vi-Jon May Not Intervene as of Right Because Its Interests Are
        Adequately Represented by CVS and Vi-Jon Has Not Rebutted the
        Presumption of Adequate Representation .........................................10

     C. PERMISSIVE INTERVENTION SHOULD BE DENIED .................14

        1. Vi-Jon's Defense and the Main Action Do Not Involve a Common
        Question of Law or Fact....................................................................15

        2. Allowing the Intervention Will Unduly Delay and Prejudice the
        Adjudication of Plaintiff's Rights....................................................17

IV.    CONCLUSION ..................................................................................18

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

i

## **TABLE OF AUTHORITIES**

Cases                                                                                    Page(s)

*Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No.
    SACV080626AGMLGX, 2008 WL 4326788 (C.D. Cal. Sept. 22, 2008) .....9

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003), *as amended* (May 13,
    2003) ...................................................................................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................7, 8

*Beauregard, Inc. v. Sword Services LLC*, 107 F3d 351 (5th Cir. 1997) ...........15

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) .............................................7, 8

*California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775 (9th Cir. 1986) ......10

*California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d
    779 (9th Cir. 1986) ..........................................................................................5, 6

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893 (9th
    Cir. 2011) .........................................................................................................13

*City of Chicago v. Federal Emergency Mgmt. Agency*, 660 F3d 980 (7th Cir.
    2011) ................................................................................................................14

*Coffey v. Commissioner of Internal Revenue*, 663 F3d 947 (8th Cir. 2011)......14

*Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 974 F2d 450
    (4th Cir. 1992) .................................................................................................15

*County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir.1980)........................6, 7, 10

*Davis v. First S. Baptist Church of Buena Park, Inc.*, No.
    819CV00093JVSKESX, 2019 WL 4228378 (C.D. Cal. July 19, 2019),
    *review denied*, No. SACV190093JVSKESX, 2019 WL 8013416 (C.D.
    Cal. Sept. 9, 2019) ...........................................................................................4

*Department of Fair Employment & Housing v. Lucent Technologies, Inc.* 642
    F3d 728 (9th Cir. 2011) ...................................................................................15

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998).........................5, 6, 13, 14

*Fuel Indus., Inc. v. Fuel, LLC*, No. 2:14-CV-09794-ODW-SH, 2015 WL
    4241395 (C.D. Cal. July 13, 2015).................................................................4

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Greene v. United States*, 996 F.2d 973 (9th Cir.1993) ........................................7

*Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) ............................12

*Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741 (C.D. Cal. June 25, 2015).....................................................8

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997)....
............................................................................................... 1, 6, 10, 11

*LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002)...9, 10

*Mavrix Photographs LLC v. Live Journal, Inc.*, No. SACV1300517CJCJPRX, 2014 WL 12587038 (C.D. Cal. July 22, 2014) ....4

*McHenry v. Commissioner of Internal Revenue*, 677 F3d 214 (4th Cir. 2012) .14

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 07-2363 CW, 2008 WL 3266647 (N.D. Cal. Aug. 6, 2008) ........................................................9

*Moosehead San. Dist. V. S.G. Phillips Corp.*, 610 F.2d 49 (1st Cir. 1979) .......10

*New York News, Inc. v. Kheel*, 972 F2d 482 (2nd Cir. 1992) ...........................14

*Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377 (W.D. Wash. 2017) ..............14

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009) .....5, 6

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006)..............................................5

*RePET, Inc. v. Zhao*, No. EDCV152315VAPSPX, 2016 WL 11634745 (C.D. Cal. Sept. 2, 2016) ...........................................................................8

*R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F3d 1 (1st Cir. 2009) ........................................................................................14

*S. California Edison Co. v. Lynch*, 307 F.3d 794 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002) .....................................................................5, 6, 7

*S. California Edison Co. v. Peevey*, 31 Cal. 4th 781 (2003) ............................5

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983)....................10

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir.1977) ...........14

*Stallworth v. Monsanto Co.*, 558 F2d 257 (5th Cir. 1977) ..............................14

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) .... 12-13

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

iii

*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) ......................12

*United States v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013).......................7, 8

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ..................5

*United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824 (8th Cir. 2010) ........................................................................................................13

Statutes

29 U.S.C. § 482(b) ........................................................................................12

Cal. Bus. & Prof. Code § 17500 *et seq.* ...........................................................2

Cal. Bus. & Prof. Code § 17200 *et seq.* ...........................................................2

Other Authorities

7C Wright, Miller & Kane, § 1909 (1986) ................................................. 10, 11

Federal Rules of Civil Procedure Rule 24 .......................................... 10, 14, 15

Federal Rules of Civil Procedure Rule 8 ..........................................................7, 8

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Applicant Vi-Jon, LLC ("Vi-Jon") cannot intervene in this case because its interests are completely represented by Defendant CVS Health ("CVS" or "Defendant"). CVS has been actively litigating against Plaintiff since Plaintiff filed his Complaint on May 26, 2020, including filing a Motion to Dismiss Plaintiff's Complaint, which is set to be heard on November 23, 2020. (Dkt. No. 8.) Nevertheless, Vi-Jon attempts to intervene in this lawsuit, despite failing to meet its burden of establishing intervention by right or permissive intervention. By Vi-Jon's own admission, "Vi-Jon's defenses in this case will be identical to CVS's defenses[.]" (Dkt. No. 12-1, Memorandum of Points and Authorities in Support of Vi-Jon, LLC's Motion to Intervene ["MPA"], 11:4-9.) Further, CVS has already tendered its defense to Vi-Jon, Vi-Jon has accepted, and both parties are represented by the same counsel. (*Id.*, 7:14-15.) As such, Vi-Jon cannot show that CVS would not adequately represent its interests. Applicants seeking to intervene as of right must show that their interests are not represented by one of the parties to the litigation. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997). Vi-Jon has not and cannot make that showing. For this reason, Vi-Jon's Motion to Intervene should be denied.

Vi-Jon's motion fails for other reasons too. Vi-Jon, a manufacturer, has made contradictory statements regarding its involvement, if any, in the design and/or approval of labels for the products it manufactures. Given these contradictions, these statements cannot be afforded the presumption of truth. Further, a claim made on the label of the product is at the heart of this case, not the manufacturing of the product, or the design or affixing of the label. Vi-Jon seeks to inject issues of product substantiation into the case when Plaintiff has not sought substantiation of the label's claim and Defendant and Vi-Jon have both argued that interpreting the claim literally is unreasonable. There is simply no basis to intervene.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1

## II.    STATEMENT OF FACTS

CVS sells at its stores certain items from its own brand, such as hand-sanitizer.  Plaintiff Joseph Mier's ("Plaintiff") claims arise from his purchase of a bottle of Advanced Formula Hand Sanitizer (the "product"), an alcohol-based hand-sanitizer, which is owned and sold by CVS.  Plaintiff alleges four causes of action against CVS for intentional and negligent misrepresentation, violation of California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* stemming from the false and misleading statement contained on the product's label.  (Dkt. No. 1-2, Complaint ["Compl."], ¶¶ 32-68.) The label of Defendant's hand-sanitizer contains the following representation: "Kills 99.99% of germs." (*Id.*, ¶14.)  This statement is made with a degree of certainty to the hundredth digit, necessarily implying that a scientific study proves that the product in fact kills 99.99% of germs, which is untrue because no scientific study proves that alcohol-based hand-sanitizer kills 99.99% of germs.  (*Id.*, ¶¶ 3, 16, 17.)

Rather, it is scientifically proven that alcohol-based hand-sanitizer does *not* kill many types of germs, including non-enveloped viruses, such as the norovirus, which is responsible for 58% of foodborne illnesses in the United States, as well as bacterial spores, protozoan cysts, parasites like Giardia, and bacterium such as Clostridium difficile.  (*Id.*, ¶¶ 4, 17, 19-21.)  Further, studies show that some types of bacteria are becoming alcohol-resistant due to the use of hand-sanitizers, including the bacterium Enterococcus faecium, which has become ten times more alcohol tolerant in the years after 2010 than it was in the years before 2010.  (*Id.*, ¶¶ 4, 18.)

The relevant inquiry in this action is not whether Defendant or Vi-Jon have conducted any studies to show that the hand-sanitizer kills 99.99% of some subset of germs for which the product has been tested, but rather whether reasonable
///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

consumers would read the product's label, together with any accompanying language, and understand it to mean that the product kills 99.99% of all germs.

Neither Defendant nor Vi-Jon contend that the product actually kills 99.99% of all germs. Instead, Defendant, and, by accepting Defendant's tender of defense, Vi-Jon, both argue that a literal reading of the phrase "kills 99.99% of germs" is unreasonable. (Dkt. No. 8-1, Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ["MTD"], 10:1-13:9.) Thus, any testing conducted by Vi-Jon, the manufacturer of the product, is not relevant to the issue of whether reasonable consumers would read the label's promise that the product "kills 99.99% of germs" literally. As such, Vi-Jon does not even attempt to rebut the presumption of adequate representation and has no reason to be involved in this matter, aside from preventing Plaintiff from having his day in Court.

At various times in its moving papers, and in this litigation more broadly, Vi-Jon has equivocated between its role, and whether it even plays a role, in the labeling of the product. Vi-Jon's allegations of designing and/or approving the product's labels should not be afforded the presumption of truth. The fact that the label bears the CVS logo is evidence that CVS is responsible for the content of the label. It would defy logic for CVS to blindly give away its logo without, at the very least, editorial and approval powers over the label, especially in light of potential legal ramifications. Moreover, consumers are unaware of Vi-Jon's existence and depend on CVS as a known brand to make truthful statements about the efficacy of CVS branded products. Lastly, allowing Vi-Jon to intervene needlessly complicates and delays the resolution of this matter.

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Vi-Jon's Motion.

///

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## III.   ARGUMENT

### A.   VI-JON'S MOTION SHOULD BE DENIED BECAUSE VI-JON FAILED TO MEET AND CONFER.

Under L.R. 7-3: "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion."  Vi-Jon has utterly failed to meet this requirement by failing to initiate a meet and confer with counsel for Plaintiff as to this motion either seven days prior to the filing of the instant motion, or at any time whatsoever.  At most, counsel for Vi-Jon called counsel for Plaintiff to provide him with notice of an *ex parte* to be filed in state court, but did not actually discuss, at any level, the content of the *ex parte* or any potential resolution.  (Coelho Decl., ¶ 3.)  Counsel for Vi-Jon has failed to initiate any discussion with counsel for Plaintiff as to the substance of this motion as required by L.R. 7-3.  (*Id.*, ¶¶ 2-5.)

On this basis alone, Vi-Jon's motion should be denied.

Failure to meet and confer is a sufficient basis for denial of a motion, without any necessity of determining its merits.  *Mavrix Photographs LLC v. Live Journal, Inc.*, No. SACV1300517CJCJPRX, 2014 WL 12587038, at *2 (C.D. Cal. July 22, 2014) ("Judge Rosenbluth's denial of the first motion to compel for failure to meet and confer in good faith was not clearly erroneous or contrary to law."); *Davis v. First S. Baptist Church of Buena Park, Inc.*, No. 819CV00093JVSKESX, 2019 WL 4228378, at *2 (C.D. Cal. July 19, 2019), *review denied*, No. SACV190093JVSKESX, 2019 WL 8013416 (C.D. Cal. Sept. 9, 2019) (sanction to defendants for failure to meet and confer under L.R. 7-3 was "denial of their motion to dismiss"); *Fuel Indus., Inc. v. Fuel, LLC*, No. 2:14-CV-09794-ODW-SH, 2015 WL 4241395, at *2 (C.D. Cal. July 13, 2015) ("Failure to comply with the meet and confer requirement before filing is alone sufficient to warrant denial of a motion.").

1    In short, Vi-Jon has flouted its obligations under L.R. 7-3 to meet and confer
2    in good faith towards a resolution of the instant dispute without court involvement.[1]

3    There is good reason for this rule.  Quite often, disputes can be, if not resolved
4    outright, narrowed and focused during a meet and confer, where arguments are
5    tested and, if judged faulty, jettisoned before they are placed before the court.  Meet
6    and confers result in better briefing and a more efficient resolution of the matter at
7    hand.  In this district, parties are obligated to meet and confer before bringing
8    motions and, when they do not, those motions may be denied outright.  That should
9    be the case here.

## B.     VI-JON FAILED TO SATISFY THE REQUIREMENTS FOR INTERVENTION AS OF RIGHT.

"An applicant for intervention in a pending federal action as a matter of right
must satisfy four requirements, namely that: '(1) it has a significant protectable
interest relating to the property or transaction that is the subject of the action; (2)
the disposition of the action may, as a practical matter, impair or impede the
applicant's ability to protect its interest; (3) the application is timely; and (4) the
existing parties may not adequately represent the applicant's interest.'"   *S.
California Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir.), *modified*, 307 F.3d
943 (9th Cir. 2002), *and certified question answered sub nom. S. California Edison
Co. v. Peevey*, 31 Cal. 4th 781, 74 P.3d 795 (2003) (quoting *United States v. City
of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)); *see also Donnelly v. Glickman*,
159 F.3d 405, 409 (9th Cir. 1998).  The applicant bears the burden of meeting each
of these four elements.  *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).
"Failure to satisfy any one of the requirements is fatal to the application, and [the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

---

[1] On October 30, 2020, during the parties' Rule 26(f) conference, counsel for
Plaintiff sought clarification from counsel for Defendant as to CVS' role in the
labeling of products under its brand.  At that time, counsel for Defendant was either
unable or unwilling to provide any information in response to this inquiry. (Coelho
Decl, ¶ 4.)

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citing *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986)); *see also Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). Vi-Jon has failed to meet all but the third requirement.

Additionally, where the party and the proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Perry,* 587 F.3d at 951 (citing *League of United Latin Am. Citizens v. Wilson* ["*LULAC*"], 131 F.3d 1297, 1305 (9th Cir. 1997)).

Because Vi-Jon has failed to satisfy all of the requirements of intervention as of right, or to make any showing whatsoever rebutting the presumption of adequacy of representation, its motion must be denied.

## 1. Vi-Jon May Not Intervene as of Right Because It Has Not Defined a Significant Protectable Interest Relating to the Property or Transaction that is the Subject of the Action.

First, Vi-Jon, who is the manufacturer of the product at issue, has failed to identify a significant protectable interest relating to the subject of this action, which concerns solely the product label, and whether reasonable consumers would construe its claims literally. Plaintiff does not allege any manufacturing defect, or that the product does not contain the required levels of alcohol. Plaintiff alleges solely that the promise on the product's label that it kills 99.99% of all germs is false and misleading. As stated in *S. California Edison Co.*:

> "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409. The relationship requirement is

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

6

1    met "if the resolution of the plaintiff's claims actually will affect the
2    applicant." *Id*. at 410.  The "interest" test is not a clear-cut or bright-
3    line rule, because "[n]o specific legal or equitable interest need be
4    established." [*Greene v. United States*, 996 F.2d 973, 976 (9th
5    Cir.1993).]  Instead, the "interest" test directs courts to make a
6    "practical, threshold inquiry," *id*., and "is primarily a practical guide
7    to disposing of lawsuits by involving as many apparently concerned
8    persons as is compatible with efficiency and due process," *County of*
9    *Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir.1980) (internal quotation
10   marks and citation omitted).

307 F.3d at 803.  Vi-Jon has failed to describe an interest, protected by law, or a
relationship between that interest and the plaintiff's claims.  Vi-Jon, as
manufacturer of a product, assumes, without providing sufficient allegations to
analyze the issue, that it has an interest in any litigation involving the labeling and
sale of that product.  Vi-Jon is wrong.  Production of the product itself is not an
interest protected by law with a relationship to Plaintiff's claims.  Neither are any
substantiation studies allegedly conducted by Vi-Jon to demonstrate that the
product kills 99.99% of some limited subset of germs for which it has been tested.
Plaintiff's claims concern only the labeling of the product, in which Vi-Jon has a
limited and subsidiary role, and, more specifically, whether reasonable consumers
would literally construe the label's promise to kill 99.99% of all germs.

### a)   Vi-Jon's Allegation that it Designed the Product Labeling Should Not Be Afforded the Presumption of Truth.

Federal Circuit Courts have held that *Twombly* and *Iqbal* apply to an analysis
of allegations contained in a motion to intervene.  *United States v. City of Detroit*,
712 F.3d 925, 939 (6th Cir. 2013) (Whether a pleading [specifically including a
motion to intervene] conforms to the standard given in Rule 8 must be analyzed
according to the standard set out by the Supreme Court in *Ashcroft v. Iqbal*, 556

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

7

U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (interpreting *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "Contradictory allegations . . . are inherently implausible, and fail to comply with Rule 8, *Twombly*, and *Iqbal*."  *RePET, Inc. v. Zhao*, No. EDCV152315VAPSPX, 2016 WL 11634745, at *5 (C.D. Cal. Sept. 2, 2016) (citing *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015).  Vi-Jon alleges in its motion that it merely "approves" of product labeling seven times, while alleging that it "designs" product labeling just three times.  Stating that Vi-Jon performs the function of approving, without designing, the label necessarily implies that Vi-Jon does not design the label.  Accordingly, there is a contradiction. This contradiction is further borne out by Vi-Jon's representations to Plaintiff's counsel throughout this litigation that escalated from the entity that only manufactures the product, to the entity that affixes the label, and now to the entity that designs and/or approves the label.  (Coelho Decl., ¶¶ 2-6, Exh. A.)  Further, the allegation is conclusory and stands without factual support, and it defies common sense that a manufacturer would design a retailer's label, down to the exact language displayed on the label, without – at the very least – final approval by the retailer, for which the retailer could face legal consequences.  The Court should not afford Vi-Jon's inconsistent allegation that it designs and/or approves CVS's labels the presumption of truth.

> **b)  Vi-Jon Does Not Have an Interest in Claims Related Solely to Product Labeling.**

Since Vi-Jon's bare and inconsistent allegation that it designs labels cannot be afforded the presumption of truth, we are left with a manufacturer who, at most, approves labels.  But a manufacturer who approves labels cannot be liable to the designer of those labels for misrepresentations contained on the labels.  And Vi-Jon has utterly failed to define any other interest in the litigation.  Vi-Jon fails to define a non-speculative, economic interest in the outcome of litigation related solely to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

8

product labeling.  That Vi-Jon manufactures the labeled product does not settle the matter.  As an outcome of the litigation, Plaintiff seeks that CVS change its product labeling and pay damages.  It may do so while continuing to sell Vi-Jon's product with different labels.  The lawsuit will not affect Vi-Jon's ability to sell its product. Vi-Jon has simply failed to define an actual interest, protected by law, in the claims made on CVS's labels.

> **2.**  **Vi-Jon May Not Intervene as of Right Because the Disposition of the Action Will Not, as a Practical Matter, Impair or Impede Its Ability to Protect Its Interest.**

Likewise, Vi-Jon has failed to allege how disposition of this action will impede its ability to protect its product.  Vi-Jon will not be enjoined from manufacturing or selling its product in this case under a non-misleading label.  Vi-Jon's methods of production will not be affected.  Vi-Jon alleges that intervention such as it proposes is a "common circumstance in which leave to intervene is routinely granted."  Yet the only cases Vi-Jon cites for this point are grossly inapposite.  *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. SACV080626AGMLGX, 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008) was a patent infringement case where the applicant designed software installed on the defendant's computer products, and the plaintiff alleged patent infringement based on the defendant's use of the applicant's software and technology.  Clearly, the suit affected the applicant's ability to sell its product on the market.  *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 07-2363 CW, 2008 WL 3266647, at *1 (N.D. Cal. Aug. 6, 2008) is not even a case which addressed intervention.  In *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 365 (N.D. Cal. 2002), another patent case, the plaintiff sought to amend its infringement definitions to include the applicant's product; accordingly, clearly, the applicant had an interest that would be impaired by a potential disposition.  The court reasoned as follows: "If LGE prevails in adding the Apple products to its infringement contentions, and the Court

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

9

finds that those products infringe LGE's patents, Apple will no longer be able to sell them." *Id.*  Nothing in this case will prevent Vi-Jon from manufacturing and selling its product under truthful labeling.

### 3.   Vi-Jon May Not Intervene as of Right Because Its Interests Are Adequately Represented by CVS and Vi-Jon Has Not Rebutted the Presumption of Adequate Representation.

Intervention as of right is not permitted where the intervenor's interest is adequately represented by one or more of the existing parties.  *California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir. 1986).  Courts consider three factors in determining the adequacy of representation: (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;" (2) "whether the present party is capable and willing to make such arguments;" and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.*  (citing *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983)); *see also Fresno Cty. v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980).  Vi-Jon has the burden to come up with some tangible reason for inadequacy that goes beyond speculation.  *LULAC, supra,* 131 F.3d 1297, 1307 (9th Cir. 1997) (citing *Moosehead San. Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir.1979) (holding that "a petitioner must produce something more than speculation as to the purported inadequacy" in order to justify intervention as of right under 24(a)(2)).  Vi-Jon has failed to make that showing.

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citing 7C Wright, Miller & Kane, § 1909, at 318 (1986)).  "**When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises**." *Id.* (citing *LULAC, supra,* 131 F.3d at 1305 (9th Cir. 1997) (emphasis added). "If the applicant's interest is

10

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

identical to that of one of the present parties, **a compelling showing should be required to demonstrate inadequate representation**." *Id*. (citing 7C Wright, Miller & Kane, § 1909, at 318–19) (emphasis added).

Here, all three factors weigh strongly in favor of a finding of adequacy of representation and Vi-Jon has not made any showing to rebut the presumption of adequate representation. As to the first and most important factor, the interests of Vi-Jon and Defendant are wholly aligned. Vi-Jon is allegedly the manufacturer of the product in question, which Defendant packages and sells at its stores. Plaintiff alleges that this product, hand sanitizer, does not kill more than 99.99% of all germs, as the product labeling states. Both Vi-Jon and Defendant are making essentially the same two arguments: (1) the product really does kill 99.99% of a subset of germs for which the product has been tested, and (2) the product packaging does not really state that the product kills 99.99% of all germs, but makes some lesser claim, which the product meets. These arguments are identical between the two entities. Both Vi-Jon and Defendant have the same ultimate objectives, to (1) prove that the product kills 99.99% of a subset of germs for which the product has been tested, and (2) prove that the product packaging does not actually state that the product kills 99.99% of all germs. There is no conflict, or potential conflict, between them.

Despite CVS and Vi-Jon having the same ultimate objectives, Vi-Jon makes no effort to rebut the presumption of adequate representation. For this reason alone, the Court should find that Vi-Jon's interests are adequately represented, obviating any perceived need to intervene. Moreover, by Vi-Jon's own admission, CVS will make all of Vi-Jon's arguments: "Vi-Jon's defenses in this case will be identical to CVS's defenses[.]" (MPA, 11:4-9.) If there is any doubt as to this fact, Defendant's tender of its defense to Vi-Jon should settle it. Vi-Jon is essentially conducting the litigation on Defendant's behalf and can clearly adequately represent its interests.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

As to second factor, Defendant is capable and willing to make Vi-Jon's arguments because, as noted, Defendant has tendered its defense to Vi-Jon and has also filed a Motion to Dismiss making the very arguments Vi-Jon contends it will make in this matter.  (Dkt. No. 8.)  As to the third factor, Vi-Jon has not alleged that it would add any necessary elements to the litigation that the other parties would neglect.  Defendant completely represents Vi-Jon's interests and, to the extent that Vi-Jon is in possession of any reports documenting the efficacy of the hand-sanitizer, those reports are irrelevant to the issue of whether reasonable consumers would literally interpret the claim on the product's label, and, alternatively, the parties can obtain those documents from Vi-Jon through third-party discovery.  Having failed to Vi-Jon is well-represented.  Accordingly, intervention as of right is unavailable.

Vi-Jon's cases on this point are inapposite.  In *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009), the EPA, on whose side the applicant sought to intervene, had "no financial stake in the outcome of the suit," and the applicant challenged "three of the stipulations entered by plaintiffs and the EPA."  Here, Defendant has a definite financial stake in the outcome of the litigation, and Vi-Jon has not challenged any action taken by Defendant in this litigation, and will not, as Vi-Jon controls those actions.  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 530, 92 S. Ct. 630, 632, 30 L. Ed. 2d 686 (1972) determined whether the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 482(b), barred union members from intervening in suits initiated by the Secretary of Labor, and does not speak to the situation here, where an applicant who shares every interest with a defendant and already controls the litigation strategy of that defendant may intervene as of right in the litigation.  In *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001), an action brought by environmental groups against the City of San Diego alleging that the city had not complied with the requirements of the Endangered Species Act, the court held that

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

complexity made the determination of an "ultimate objective" difficult and that, at any rate, the applicants did not share the same "ultimate objective" as the city because "(1) the City's range of considerations in development is broader that the profit-motives animating developers; and (2) developers have different duties under the Plans relating to mitigation."  Here, there is no divergence as to the two "ultimate objectives."  Both CVS and Vi-Jon share the ultimate objectives of proving that the packaging does not promise what it plainly promises, and that the product kills 99.99% of a subset of germs for which it has been tested.  These are not overly broad, ambiguous objectives, but plain and specific ones which are clearly tied to this case, and are clearly shared between CVS and Vi-Jon.  *Berg*'s facts simply don't match up.

In *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011), another environmental case, the court found that the applicants had made a "compelling showing" of inadequacy where the named party at issue had only reluctantly adopted the restrictions that the applicants were seeking to enforce, as a result of litigation which applicants themselves had brought, and sought to overturn on appeal the very decision that had forced it to adopt those restrictions.  There, the named party and the applicant were clearly at odds.  Here, Vi-Jon has not forced CVS to take any action through court order, and CVS does not seek to undermine any interest which Vi-Jon asserts in this litigation.   In *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998), the court actually affirmed the district court's denial of intervention as of right.  The same is true of *United States v. Ritchie Special Credit Investments, Ltd.*, 620 F.3d 824, 836 (8th Cir. 2010), in which the intervention was held to be untimely.

In short, where an applicant is already handling Defendant's defense, and making all decisions related to the litigation, it cannot seriously be argued that the Defendant does not adequately represent its interests.  Vi-Jon simply cannot meet the fourth element to obtain intervention as of right.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## C.    PERMISSIVE INTERVENTION SHOULD BE DENIED.

Under Federal Rule of Civil Procedure 24(b)(1)(B), the Court may permit "anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  However, even if the Court finds that the conditions for permissive intervention are met, intervention still rests in the sound discretion of the Court.

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3). *See Coffey v. Commissioner of Internal Revenue*, 663 F.3d 947, 951-952 (8th Cir. 2011) (court abused discretion by failing to consider undue delay or prejudice).  The trial court is entitled to consider other factors in deciding whether intervention is appropriate. *Donnelly*, 159 F.3d at 412; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977); *R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 11-12 (1st Cir. 2009).  The Court may also consider "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 383 (W.D. Wash. 2017) (citing *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *McHenry v. Commissioner of Internal Revenue*, 677 F3d 214, 222 (4th Cir. 2012) (factors must be considered but findings not determinative since intervention decision is discretionary).

Because of the broad discretion vested in the trial court, decisions on permissive intervention are rarely reversed on appeal. *See New York News, Inc. v. Kheel*, 972 F2d 482, 487 (2nd Cir. 1992) ( "In fact, a denial of permissive intervention has virtually never been reversed"); *City of Chicago v. Federal Emergency Mgmt. Agency*, 660 F3d 980, 987 (7th Cir. 2011) (standard of review more deferential under Rule 24(b) than 24(a)).

///

14

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

In its discretion, the court may limit permissive intervention to only certain issues. *Department of Fair Employment & Housing v. Lucent Technologies, Inc.* 642 F3d 728, 741 (9th Cir. 2011); *see Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 974 F2d 450, 469 (4th Cir. 1992) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition"); *Beauregard, Inc. v. Sword Services LLC*, 107 F3d 351, 352-353 (5th Cir. 1997).

Vi-Jon's threadbare argument in favor of permissive intervention fails to adequately address the above requirements. Moreover, as previously stated, Vi-Jon's interests are indistinguishable from CVS's interests and CVS adequately represents Vi-Jon's interests. Allowing Vi-Jon to intervene serves no purpose other than to delay resolution of this action. For these reasons, Vi-Jon should not be permitted to intervene.

## 1. Vi-Jon's Defense and the Main Action Do Not Involve a Common Question of Law or Fact.

Vi-Jon argues that it has a defense that shares a common question of law or fact with the main action under Rule 24(b)(1)(B). Citing no authority whatsoever, Vi-Jon makes the following haphazard argument: that because Vi-Jon manufactures the product, "approves the label" of the product, and substantiates any claims made on the label, it will be able to answer the question of whether the product is mislabeled by showing scientific substantiation. (MPA, 10:25-11:14.)

As a preliminary matter, Plaintiff does not bring any causes of action requesting that Defendant substantiate its claim. Rather, Plaintiff alleges in his Complaint that the claim made on the product label that the product kills "99.99% of germs," "included an exact figure for the percentage of germs that would be killed," "which went to the hundredth decimal point," and that this "would lead a reasonable person to conclude that a specific number had been calculated, and not that it had been picked out of clean air," and that therefore this is false and

15

misleading because alcohol-based hand-sanitizer has been scientifically proven to not be able to kill many "prominent and harmful" types of germs including non-enveloped viruses, such as the norovirus, bacterial spores, protozoan cysts, and germs that have grown resistant to alcohol over time, such as Enterococcus faecium. (Compl., ¶¶ 3-5, 16-22, 34-35, 43-45, 53, 65-66.)  Therefore, Plaintiff does not seek scientific substantiation of the claim that the product kills 99.99% of all germs. Vi-Jon's argument that it will provide substantiation of its claims in this matter is completely disingenuous as Vi-Jon itself, by accepting CVS' tender of defense, has argued in Defendant's Motion to Dismiss that "[i]t is well established under California law that a private plaintiff is not entitled to bring a 'lack of substantiation' claim."  (MTD, 9:25-27.)

Further, as previously explained, neither Defendant nor Vi-Jon have argued that the product's label's claim that it "kills 99.99% of germs" is literally true.  On the contrary, Defendant, and, by accepting Defendant's tender of defense, Vi-Jon, have both argued that a literal reading of the claim is unreasonable.  (MTD, 10:1-13:9.)  Vi-Jon cannot both argue that a literal reading of the phrase "kills 99.99% of germs" is unreasonable *and* that it can provide scientific substantiation that the claim is literally true.  Therefore, as previously put, Vi-Jon and Defendant are making two arguments, neither one of which requires Vi-Jon to provide substantiation of claims that it does not contend are literally true: (1) the product really does kill 99.99% of a subset of germs for which the product has been tested, and (2) the product packaging does not really state that the product kills 99.99% of all germs, but makes some lesser claim, which the product meets.  Thus, the central question in this matter is: would reasonable consumers literally construe the product's claim that it kills 99.99% of germs?  Vi-Jon's defense that it has scientific substantiation that the product kills 99.99% of germs for which it has been tested bears no relevance to this inquiry.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE

Alternatively, if the Court finds that scientific substantiation would be helpful in the resolution of this matter, the parties could obtain documents from Vi-Jon through third-party discovery without needlessly complicating this case, confusing the issues, doubling discovery, and delaying its resolution.  Because Vi-Jon has failed to explain how its defense and this action involve a common question of law or fact, it should not be permitted to intervene.

2.   **Allowing the Intervention Will Unduly Delay and Prejudice the Adjudication of Plaintiff's Rights.**

The Court should also deny Vi-Jon's motion on the basis that allowing Vi-Jon to intervene will unduly delay and prejudice the adjudication of Plaintiff's rights. If the Court allows Vi-Jon to intervene, Plaintiff will have to litigate ostensibly two lawsuits. Contrary to Vi-Jon's portrayal, this will confuse many issues and needlessly complicate the litigation. Parties will get bogged down in discovery as Plaintiff will have to seek discovery from two different Defendants and respond to discovery from two different Defendants. Plaintiff will also have to oppose motions by two Defendants instead of one.  Further, as previously stated, CVS has already tendered its defense to Vi-Jon, is asserting the exact same defenses that Vi-Jon would assert, has filed a Motion to Dismiss making the very same arguments Vi-Jon contends it will make in this litigation, and is adequately representing Vi-Jon's interests. As previously explained, Vi-Jon has failed to rebut the presumption of adequate representation despite having the same ultimate objectives as CVS.

For these reasons, the Court should deny Vi-Jon's Motion.  *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F3d 1068, 1074-1075 (10th Cir. 2015) (district court did not abuse discretion in denying motion to intervene because (i) intervention would burden parties with additional discovery and (ii) defendant would adequately represent proposed intervenors' interests).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

17

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Vi-Jon's Motion to Intervene.

Dated: November 2, 2020                    Respectfully submitted,

/s/ *Cinela Aziz*
Thiago Coelho, Esq.
Robert Dart, Esq.
Cinela Aziz, Esq.
*Attorney for Plaintiff Joseph Mier and the putative class*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFF JOSEPH MIER'S OPPOSITION TO VI-JON, LLC'S MOTION TO INTERVENE