Justin F. Marquez (Cal Bar No. 262417)
justin@wilshirelawfirm.com
Thiago M. Coelho (Cal Bar No. 324715)
thiago@wilshirelawfirm.com
Robert Dart (Cal. Bar No. 264060)
rdart@wilshirelawfirm.com
Cinela Aziz (Cal Bar No. 318192)
cinela@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Joseph Mier
and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CVS HEALTH, a Rhode Island corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-01979 DOC (ADSx)<br>Presiding Judge: Judge David O. Carter<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH]<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITON TO CVS HEALTH CORPORATION'S AND VI-JON, LLC'S MOTION FOR SANCTIONS, AND TO COMPEL PLAINTIFF TO SUBMIT TO AN ADDITIONAL DEPOSITION**<br><br>Discovery Cut-Off:  September 7, 2021<br>Pretrial Conference: December 13, 2021<br>Trial Date:            January 25, 2022 |

1

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS AND TO COMPEL PLAINTIFF TO SUBMIT TO ADDITIONAL DEPOSITION

1   Pursuant to Local Rule 37-2.3, the Plaintiff hereby submits this
2   Supplemental Memorandum in connection with disputed discovery issues.

3   **I.   INTRODUCTION**

4   Faced with significant liability for its false and misleading statements,
5   Defendant has gone on the offensive, seeking to label Plaintiff an "empty vessel"
6   and to attack Plaintiff's counsel's professionalism for zealously defending her
7   client at deposition.  However, a review of the cases in which sanctions were and
8   were not imposed reveals that Plaintiff's conduct does not come near to that which
9   would normally be sanctionable behavior.   While Defendant complains that
10  Plaintiff's objections were too lengthy, a review of the deposition transcript shows
11  that Defendant's counsel was afforded more than sufficient time to obtain answers
12  to the vast majority of his questions.   Defendant's counsel never made any
13  expression to indicate that he did not have sufficient time to question Plaintiff.
14  Plaintiff's counsel did not cut off the deposition, and there was never an issue as to
15  whether Defendant would run out of time.  Defendant comes forward with only a
16  handful of questions as to which no response was given, each of which were, as
17  shown in the Joint Stipulation, either privileged, irrelevant, or repetitive of other
18  discovery.  No additional deposition time is warranted by these questions.  In short,
19  while the deposition was spirited on both sides, there was nothing especially
20  egregious or sanctionable about Plaintiff's counsel's behavior, and there is simply
21  no relevant, non-privileged material left over on which Plaintiff may be questioned.
22  Defendant has made a mountain out of a molehill.  Its motion should be denied.

23  **II.   PLAINTIFF'S COUNSEL DID NOT COMMIT SANCTIONABLE CONDUCT.**

24  "[T]he Supreme Court 'has cautioned that, because of the potency of
25  attorney sanction orders, courts must exercise their inherent sanctioning authority
26  with restraint and sound discretion.'" *Doe v. Los Angeles W. Travelodge*, No. CV

2

08-8279 CBM(CTX), 2009 WL 5227898, at *2 (C.D. Cal. Nov. 19, 2009) (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1063 (9th Cir.2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991))).[1]

In *Los Angeles W. Travelodge*, the court declined to award sanctions despite counsel's abusive statements that opposing counsel was a criminal, mentally ill, a misogynist, statements insulting opposing counsel's family members, and other vague threats and abuses, noting that misconduct had occurred on both sides of the litigation, and instead requiring that the attorneys complete additional CLE courses and perform community service. *Id*. at *3-7. The conduct in *Los Angeles W. Travelodge* goes far beyond anything which occurred at Plaintiff's deposition—in fact, here, both parties' counsel have cooperated on two successful joint stipulations—yet the court wisely chose not to escalate tensions through one-sided sanctions awards, when misconduct occurred on both sides.

Similarly, in *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2016 WL 1465182, at *4 (S.D. Cal. Apr. 14, 2016), the court declined to issue sanctions against an attorney who had insulted the intelligence of opposing counsel, on the partial grounds that it had not previously threatened the imposition of monetary sanctions on either party, as the Court has not done here.

Courts typically award sanctions against egregious behavior, such as refusing to appear at deposition, and threatening to unilaterally end the deposition, which did not occur here, or for a long history of obstruction, which is absent here as well. *See, e.g., Jurczenko v. Fast Prop. Sols., Inc.*, No. 1:09 CV 1127, 2010 WL

---

[1] *See also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 2465, 65 L. Ed. 2d 488 (1980) (sanctions under court's inherent powers require a finding of bad faith). "Any sanction imposed must be tailored to curtail the attorney's particular misconduct." *Los Angeles W. Travelodge*, 2009 WL 5227898, at *2 (citing *Chambers*, 501 U.S. at 57).

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS AND TO COMPEL PLAINTIFF TO SUBMIT TO ADDITIONAL DEPOSITION

2891584, at *3–4 (N.D. Ohio July 20, 2010) (refusing to show up or schedule a deposition and threatening to unilaterally end the deposition once it occurred); *Rapaport v. Soffer*, No. 2:10-CV-935-MMD-RJJ, 2012 WL 6799742, at *3 (D. Nev. Dec. 31, 2012) (counsel made "bizarre and impertinent statements" impeding the deposition, during which the deponent refused to make estimates and feigned ignorance as to a multitude of questioning); *Somers v. Digital Realty Tr. Inc.*, No. 14CV05180EMCKAW, 2018 WL 2134020, at *19 (N.D. Cal. May 9, 2018) (noting the plaintiff's "repeated failure to comply with his discovery obligations and the undersigned's orders").[2]

   The lack of grounds for sanctions here is further illustrated by Defendant's own misconduct on the record.   "Rule 5-100 [of the California Rules of Professional Conduct] prohibits an attorney from threatening to present 'criminal, administrative, or disciplinary charges' to gain an advantage in a civil dispute." *Los Angeles W. Travelodge*, 2009 WL 5227898, at *5; *c.f. Hussein v. Frederick*, No. 306CV00585RLHRAM, 2007 WL 9658421, at *3 (D. Nev. Aug. 28, 2007) ("The current Complaint threatens to sue witnesses who provided deposition testimony in Hussein I and II, revealing Plaintiff's intent to harass and intimidate witnesses. Such conduct is sanctionable under Rule 11.").   As shown in Plaintiff's portion of the joint stipulation, counsel for Defendant repeatedly threatened

---

[2] *Carter v. Burlington N. Santa, LLC*, No. 4:15-CV-366-O, 2016 WL 3388707, at *3 (N.D. Tex. Feb. 8, 2016) (litigant lied about the contents of a folder and refused to turn it over in violation of a court order); *Robinson v. Chefs' Warehouse*, No. 315CV05421RSKAW, 2017 WL 1064981, at *5 (N.D. Cal. Mar. 21, 2017), *on reconsideration*, No. 315CV05421RSKAW, 2017 WL 2617905 (N.D. Cal. June 16, 2017) ("The actual name calling, the standing in the corner, the turning your back to the table and talking about them looking at your bald head, and the diatribes, and the streams of consciousness, and all of this kind of stuff that is clear on the video for an hour almost. Where Ms. Beilke got in maybe a few very frustrated 'stop interrupting me,' and 'no, you're not going to tell me what questions to ask,' and 'no, stop interrupting me,' and 'okay,' several times, and then you going back into your diatribes. That's what that video consists of.").

Plaintiff personally, and not just Plaintiff's counsel, with "going to the judge" when he did not get an answer to a question that he wanted. (Mier Dep. at p. 175:20-24). Additionally, counsel for Defendant repeatedly and gratuitously accused Plaintiff of lying on the record, when Plaintiff was simply trying to answer counsel's questions, behavior which has been found to be independently sanctionable by at least one federal court. *See Nichols v. Denver Health & Hosp. Auth.*, No. 19-CV-02818-DDD-KLM, 2020 WL 5517355, at *3 (D. Colo. Sept. 14, 2020) ("Ms. Archer gratuitously accused the deponent of lying, when the deponent was simply answering her questions.") (Mier Dep. at p. 239:19-20) ("this client of yours has lied repeatedly."). In light of this and other forms of misconduct committed by counsel for Defendant, counsel for Plaintiff's vigorous defense of the deposition and few scattered colorful remarks may be understood.

## III. COUNSEL FOR DEFENDANT OBTAINED ANSWERS TO ALL PERTINENT, DISCOVERABLE QUESTIONING.

The only questions to which Defendant did not obtain clear answers on the record were either privileged, irrelevant, or duplicative of other discovery. Accordingly, there is no justification for a second deposition of Plaintiff.

***First***, as to the questioning regarding the materials Plaintiff had consulted at his attorney's direction in preparation for the deposition, under California law, there is a valid claim of privilege as to communications provided by an attorney to her client, even when they are reviewed in advance of a deposition. *Mize v. Atchison, T. & S. F. Ry. Co.*, 46 Cal. App. 3d 436, 449, 120 Cal. Rptr. 787, 796 (1975) ("the mere fact of allowing a witness to refresh his recollection from a communication by him to his attorney and then calling him as a witness does not necessarily waive the lawyer-client privilege."). Accordingly, Plaintiff's attorney stated a valid objection of privilege as to the identity of these documents.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS AND TO COMPEL PLAINTIFF TO SUBMIT TO ADDITIONAL DEPOSITION

Moreover, all of the documents in question have either been produced by or to Defendant, and are not being hidden.

**Second**, as to the identity of Plaintiff's co-workers, "[c]ourts in this Circuit have denied requests from Defendants for "an order compelling deposition answers to [their] irrelevant questions." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 313–14 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, No. 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020). This is because "depositions are generally limited to questions that seek relevant information." *Id*. Plaintiff has not brought an employment action, but an action which hinges on the truth or falsity of Defendant's product statements. The identity of Plaintiff's co-workers simply has no bearing on that determination.

**Third**, as to all of the questioning surrounding Plaintiff's procurement of counsel, under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the Court must limit the availability of a second deposition if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Plaintiff has produced the advertisement in question. Plaintiff has produced an email showing when the advertisement became operational. Plaintiff has produced evidence showing when Plaintiff first contacted his counsel (which was after the purchase in question). This evidence plainly shows that Plaintiff, even according to Defendant's own records, must have purchased the product before he saw the advertisement, and before he contacted his counsel. This is part of Defendant's continuous effort in attempting to distort the reality with its straw man arguments, by attempting to mud the waters to alleviate itself from liability in this case. It did not work in its Opposition to Plaintiff's Motion for Class Certification, it should not work here too.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SANCTIONS AND TO COMPEL PLAINTIFF TO SUBMIT TO ADDITIONAL DEPOSITION

1

## IV.    CONCLUSION

2        Defendant seeks to re-depose Plaintiff on matters that are privileged,

3   irrelevant, and which have been irretrievably settled by documentary evidence, and

4   to sanction behavior that does not rise to the level of bad faith.   Respectfully,

5   Defendant's motion should be denied.

6                                                **WILSHIRE LAW FIRM**

7

8   DATED:      May 12, 2021                      ___/s/ Robert Dart_____

9                                                Thiago Coelho

10                                               Robert Dart

11                                               Cinela Aziz
                                                 *Attorneys for Plaintiff and the*
12                                               *Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
MOTION FOR SANCTIONS AND TO COMPEL PLAINTIFF TO SUBMIT TO
ADDITIONAL DEPOSITION