UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH MIER<br><br>     Plaintiff,<br><br>     vs.<br><br>CVS PHARMACY, INC. ET AL.,<br><br>     Defendants. | Case No. SA CV 20-01979-DOC-ADS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR CLASS DECERTIFICATION [155] |

Before the Court are Defendant and Intervenor-Defendant CVS Health, VI-JON, LLC. ("Defendants") Motion for Class Decertification ("Motion") (Dkt. 155). The Court heard oral arguments on the Motion on November 17, 2021. After reviewing the moving papers and arguments, the Court GRANTS Defendants' Motion.

## I. BACKGROUND

The full factual and procedural history of this litigation is familiar to the Parties. This Case arises out of Plaintiff Joseph Mier's ("Plaintiff") allegations that CVS's Advanced Formula Hand Sanitizer misleads consumers by representing that it kills 99.99% of all germs. First Amended Complaint ("FAC") ¶ 2, 24 (Dkt. 133). Plaintiff brought a consumer class action suit against Defendants for Intentional Misrepresentation; Negligent Misrepresentation; Violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and Violation of the Unfair Competition Law ("UCL"), (Cal. Bus. & Prof. Code § 17200 *et seq.*). *See generally id.*

On March 15, 2021, Plaintiff filed a Motion to Certify Class (Dkt. 40). In Plaintiff's Motion for Class Certification, Plaintiff included a declaration from expert Dr. Jon A. Krosnick that described how he would "formulate an opinion about how providing full information about the impact of CVS's Original Scent Moisturizing Hand Sanitizer and all similar CVS brand hand sanitizers affects consumers' perceptions of the quality and safety of the products and the economic value that consumers attach to the products." Exhibit 8, Declaration of Justin F. Marquez in support of Motion to Certify Class ("Krosnick Decl. for Class Cert.") at 1 (Dkt. 41-8). Dr. Krosnick specified that by "using well-established scientific methods, [he] propose[d] to conduct a between-subjects experiment embedded in a probability sample survey of American adult consumers and various subgroups of them." *Id.*

On March 25, 2021, this Court granted Plaintiff's Motion for Class Certification ("Class Cert. Order") (Dkt. 54) under Federal Rule of Civil Procedure ("Rule") 23(b)(3).

After the completion of discovery, Defendant filed the instant Motion for Class Decertification on October 18, 2021. Plaintiff filed his Opposition ("Opp'n") (Dkt. 166) on October 25, 2021. Defendants replied ("Reply") (Dkt. 175) on November 1, 2021.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 23 governs class actions. "Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal.1996) (citing *Crown, Cork & Seal Co. v. Parking*, 462 U.S. 345, 628 (1983)).

A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). To certify a class under Rule 23(a), a plaintiff must demonstrate (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Wal–Mart Stores, Inc.v. Dukes*, 564 U.S. 338, 374 (2011); *Dunleavy v. Nadler* (In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir.2000). If the Court finds that the action meets the prerequisites of Rule 23(a), the Court must then consider whether the class is maintainable under Rule 23(b). *Wal–Mart*, 564 U.S. at 374.

It is within the Court's discretion to decertify a class. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 944 (9th Cir.2011). In considering a motion to decertify, "a court must reevaluate whether the class continues to meet the requirements of Rule 23." *Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 544 (C.D. Cal. 2012). The Court has a continuing duty to ensure compliance with class action requirements pursuant to Rule 23, and therefore may decertify a class at any time. *Falcon*, 457 U.S. at 160 ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."). Similar to class certification, on a motion to decertify, Plaintiff is not released of his or her burden of demonstrating that all of the Rule 23 requirements are met. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947-48 (9th Cir. 2011).

In particular, the trial court must perform a "rigorous analysis" to ensure that Rule 23(a) and (b) are satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013).

### III. DISCUSSION

Defendants argue that the Court should decertify the class because Plaintiff did not provide evidence of damages that corresponded to their "benefit of the bargain" theory of liability. Mot. at 2. In particular, Defendants argue that Dr. Krosnick did not calculate the price premium as he represented to the Court. Mot. at 5. Plaintiff responds by saying that in addition to the "benefit of the bargain" theory of liability, he had also previously articulated a theory of full restitution and that the Court did not hinge its class certification ruling on either theory. Opp'n at 6. Plaintiff further contends that Dr. Krosnick ultimately discovered that the facts of the case best support a theory of zero-value for the hand-sanitizer, making a price premium calculation unnecessary for full restitution. *Id.* at 6-7. Defendants reply that even if Plaintiff had previously presented this zero-value theory of liability that Dr. Krosnick's survey does not support this no-value theory. Reply at 1-2.

When a party challenges class certification under Rule 23(b)(3), the "Court must also consider whether Plaintiffs have shown that damages can be feasibly and efficiently measured." *Reitman v. Champion Petfoods USA, Inc.*, No. CV 18-1736-DOC (JPRX), 2019 WL 7169792, at *7 (C.D. Cal. Oct. 30, 2019), *aff'd* 830 F. App'x 880 (9th Cir. 2020). Recently, the Supreme Court in *Comcast Corp.* made it clear that Rule 23(b)(3)'s predominancy criterion is particularly demanding. *Comcast Corp.*, 569 U.S. at 34. The Supreme Court detailed that a model in support of a plaintiff's damages theory "must measure only those damages *attributable to that theory*." *Id.* at 35 (emphasis added). "If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Id.* Other district courts in this Circuit have followed *Comcast Corp.*'s holding. *See Bruton v. Gerber Prods. Co.,* No. 12-CV- 02412-LHK, 2018 WL 1009257, at *9 (N.D. Cal. Feb. 13, 2018) (holding the court is bound by *Comcast Corp.* and rejecting the expert's damages model because the expert "'has no way of linking the

price difference, if any, to the allegedly unlawful or deceptive label statements or controlling for other reasons why allegedly comparable products may have different prices'") (citation omitted); *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2014 WL 7148923, at *6 (N.D. Cal. Dec. 15, 2014) (relying on *Comcast Corp.* and decertifying class because Plaintiff had failed to put forth a damages model that measured the damages attributable to Defendant's wrongful conduct); *Mohamed v. Kellogg Co.*, No. 14-CV-2449-LMDD, 2019 WL 1330920, at *3 (S.D. Cal. Mar. 23, 2019) (finding that "Plaintiff has failed to carry her burden under Rule 23(b)(3) to show that her proposed method of calculating damages on a class-wide basis will in fact measure damages attributable to her theory of liability").

The Court certified this class under Rule 23(b)(3) based on Plaintiff's representations regarding the price-premium damages model. *See* Class Cert. Order at 12 ("Finally, Plaintiff must present a damage model capable of calculating damages or restitution on a class wide basis, *consistent with his theory of liability*." (emphasis added) (citing *Comcast*, 569 U.S. at 34-36)); *id.* at 13 ("The Court agrees that *as long as* Plaintiff has described future work in his damages model with sufficient detail to give Defendants' notice, he has satisfied this requirement.") (emphasis added). Based on these representations, the Court anticipated calculating damages using Plaintiff's measurement of the "price premium," which is "what percent less consumers would have spent, if any, on CVS hand sanitizers if those consumers had known additional information about the effectiveness of the products." Krosnick Decl. for Class Cert. at 90; *see also id.* at 93 ("Respondents will be shown a hand sanitizer product and asked to evaluate it and report whether they would purchase it at a specific price. Each respondent will be randomly assigned to see the actual package's efficacy statement or the corrected statement about effectiveness at killing germs. Furthermore, each respondent will be randomly assigned to be offered the bottle at one of various different prices surrounding the conventional retail prices of the products."). However, Plaintiff has not calculated a price premium to support his damages model. *See* Opp'n at 7 (stating that "there is no necessity to calculate a price premium."). Without this calculation, the Plaintiff has not met the rigorous requirements of Rule 23(b)(3) under his "benefit of the bargain" theory of liability.

Plaintiff argues that he no longer needs a price premium calculation because Dr. Krosnick has determined that a zero-value theory of liability is more appropriate given the facts of the case. Opp'n at 6-7. Plaintiff argued that Defendants were on notice of this theory of liability because in their briefings on the Motion to Dismiss, they specifically alleged that they sought a "full refund of the price" paid for the Product. Plaintiff's Opposition to Defendant's Motion to Dismiss at 25 (Dkt. 40).

This Court disagrees. Making mention of "full restitution" without more detail or evidence in a responsive briefing is not sufficient to notify Defendants of a theory of liability. *See Wheeler v. Allison*, No. 1:12CV00861 LJO DLB, 2015 WL 4641730, at *4 (E.D. Cal. Aug. 4, 2015) ("Arguments or contentions set forth in a responding brief do not constitute evidence.") (citing *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987) ("[A]ssertions made in complaint, legal memoranda, or oral argument are not evidence and do not create issues of fact")).

Even if this theory was sufficiently notified to the Defendants, Plaintiff did not demonstrate how full restitution would be calculated in their motion for class certification. *See Comcast Corp.*, 569 U.S. at 34. In fact, Dr. Krosnick's report to the Court largely made no mention of how the proposed survey design would demonstrate a zero-value theory. To the extent that the proposed survey did support a zero-value finding, it did so through its price premium proposal, which was ultimately not completed. Moreover, the survey that was conducted addressed the question: "*if given the choice*, would people buy a sanitizer that kills 99.99 percent of germs or a sanitizer that kills less than 99.99 percent of germs?" Krosnick Report at 6. This survey design does not clearly demonstrate that consumers assign zero value to CVS hand sanitizer; instead, it merely shows potential consumer preference between products, which is not sufficient to support the Plaintiff's claim for full restitution.

Plaintiff neither conducted a price premium model nor proposed or issued a survey that supported a zero-value theory of liability. Accordingly, because Plaintiff failed to provide the key evidence necessary to apply his class wide model for damages, the Court cannot find that common issues predominate under Rule 23(b)(3). Therefore, class decertification is warranted.

Although Defendants also argue that Plaintiff is in violation of Rule 23(a)(4)'s adequacy requirement, the Court will not address this argument because they prevail on Rule 23(b)(3).

### IV. DISPOSITION

For the foregoing reasons, Defendants' Motion to Decertify Class is GRANTED. If Plaintiff would like to proceed as a class, Plaintiff may renew their Motion for Class Certification. The Court requests that the parties meet and confer and submit a new briefing schedule, including revised dates for discovery, by December 3, 2021. If the Parties do not submit a new briefing schedule, the Court will appoint a Special Master to regulate the case.

DATED: November 19, 2021

*David O. Carter*

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE