JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |

Title: JOSEPH MIER V. CVS PHARMACY, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [314]**

      Before the Court is Defendants CVS Pharmacy, Inc.'s and Vi-Jon, LLC's (collectively, "Defendants") Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 314). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. Pro. 78; Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendants' Motion.

## I. BACKGROUND

### A. Facts

      Unless otherwise stated, the following facts are drawn from Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 313) in this action. This putative class action stems from Plaintiff's allegations that CVS's Advanced Formula Hand Sanitizer, (the "Product") misleads consumers by representing that it kills 99.99% of germs commonly found on hands. SAC ¶¶ 4-7.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 2 |

Defendant CVS's Products are sold in concentrations of between 62 and 70 percent ethyl alcohol. *Id.* ¶ 3. Defendant includes, printed on all the bottles of its hand-sanitizer a statement that the product "Kills 99.99% of Germs*." (The "Kill Claim"). *Id.* The Kill Claim contains an asterisk to a statement on the back label of the bottle that reads: "Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds." (The "Back Label Claim"). *Id.*

Plaintiffs allege that these representations (together, the "Efficacy Representations") are misleading and that many common, harmful hand-borne germs, including Norovirus, Cryptosporidium, Clostridioides difficile, Rhinovirus, and Influenza, are not effectively killed by alcohol-based hand sanitizers. *Id.* ¶ 4. Plaintiffs state that the average human hand contains approximately 3,200 different types of germs, and approximately 150 different bacterial phylotypes. *Id.* ¶ 6. According to Plaintiffs, for Defendant's Efficacy Representations to be true, its Product must kill, at the very least, all but one of those germs. *Id.* As the number of germs commonly found on hands that Defendant's Products do not kill exceeds 0.01%, Plaintiffs argue the claim is misleading to the reasonable consumer as the product fails to kill several specific common hand-borne germs that reasonable consumers expect they would. *Id.* ¶¶ 7-9.

Defendant CVS Pharmacy is a Rhode Island corporation that does substantial business, including selling its health products, in New York and California. *Id.* ¶ 13. Intervenor-Defendant Vi-Jon, LLC is the manufacturer of the CVS product at issue, Advanced Formula Hand Sanitizer. Motion to Intervene (Dkt. 12).

### B. Procedural History

On May 26, 2020, Plaintiff filed the original Complaint in the Superior Court of California, County of Orange. The Defendant removed the case to the United States District Court, Central District of California on October 13, 2020. Notice of Removal (Dkt. 1). The Complaint states the following four claims: (1) Intentional Misrepresentation, (2) Negligent Misrepresentation, (3) Violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq., and (4) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. *See generally* Compl. Each of Plaintiff's causes of action is premised on the theory that the hand sanitizer's front label would mislead reasonable consumers to believe the Product kills 99.99% of "all germs" or "all known germs," as opposed to 99.99% of many common germs found on hands. *See, e.g. id.* ¶ 15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 3 |

      Defendants brought a Motion to Dismiss (Dkt. 8) on June 1, 2020, seeking the dismissal of all claims for Plaintiff's lack of standing, failure to state a claim, preemption by federal law, preclusion from equitable relief, and ineligibility for restitution. This Court denied in part Defendants' motion to dismiss, dismissing only Plaintiff's intentional misrepresentation claim. The Court held that "'whether a reasonable consumer would be deceived . . . [is] a question of fact not amenable to determination on a motion to dismiss[,]'" and that plaintiff had stated a plausible claim that a reasonable consumer would be deceived by the Product's labeling. Order Denying Motion to Dismiss (Dkt. 46) at 7-8 (citation omitted).) The Court determined it was a question of fact "[w]hether th[e] qualification on the back label clears up a consumer's potential confusion that the Product kills 99.99% of germs[.]" *Id.* at 7.

      On August 24, 2021, Plaintiff filed a First Amended Complaint, which realleged intentional misrepresentation ("FAC") (Dkt. 133). On September 6, 2021, Defendants moved to strike the FAC's allegations (Dkt. 135). The Court denied the motion on November 8, 2021 (Dkt. 185). Thereafter, the parties litigated class certification. On April 29, 2021, the Court granted Plaintiff's motion for class certification. (Dkt. 84). On November 19, 2021, the Court entered an order decertifying the class based on the proposed damages model. (Dkt. 200). On February 2, 2022, Plaintiff renewed his motion for class certification (Dkt. 212). On May 9, 2022, the Court granted (in part) Defendants' motions in limine and denied class certification (Dkt. 271). On June 6, 2022, Plaintiff applied for a stay pending interlocutory appeal of the May 9, 2022 order which was granted on June 13, 2022 (Dkts. 281, 285). On July 28, 2023, the Ninth Circuit issued its mandate (Dkt. 301) affirming in part and remanding in part the May 9, 2022 order. *Mier v. CVS Health*, No. 22-55665, 2023 WL 4837851 (9th Cir. July 28, 2023). The Circuit directed the Court to reconsider class certification as to the Unfair Competition Law and False Advertising Law claims as the Court misinterpreted an expert report in finding the predominance requirement unmet. *Id.*

      On September 22, 2023, Defendants filed a Motion for Reconsideration (Dkt. 303) in light of two recent Ninth Circuit opinions, *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023) and *Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023). On October 20, 2023, the Court granted this motion, dismissing all of Plaintiffs' claims without prejudice ("MTD Order") (Dkt. 308). The Court ordered Plaintiffs to file an amended complaint that stated a claim consistent with *McGinity* and *Robles*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01979-DOC-ADS　　　　　　　　　　　　　　　Date: January 10, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

On November 3, 2023, Plaintiffs filed their Second Amended Complaint (Dkt. 310). On November 17, 2023, Defendants filed the present Motion to Dismiss. On December 8, 2023, Plaintiffs opposed ("Opp'n") (Dkt. 317). On December 22, 2023, Defendants replied ("Reply") (Dkt. 319).

## II.　LEGAL STANDARD

### A.　12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must be supported by competent proof, *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), and courts may consider evidence presented in affidavits and declarations. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In the absence of an evidentiary hearing or formal discovery, however, "this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.' " *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Unocal Corp.*, 248 F.3d at 922). Thus, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). All uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor. *Id.*; *Schwarzenegger*, 374 F.3d at 800.

A court may exercise either "general" or "specific" personal jurisdiction over a defendant. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). General jurisdiction exists when a defendant's contacts with the forum are so "continuous and systematic" that personal jurisdiction is proper in any action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985). Absent general jurisdiction, a court may also exercise specific jurisdiction over a defendant, which is "based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a longarm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154–55 (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01979-DOC-ADS　　　　　　　　　　　　　Date: January 10, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quotation and citation omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* (quotation and citation omitted).

Further, "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 582 U.S. at 263 (internal citations omitted). Each claim asserted by each plaintiff must arise from the defendant's forum-related activities. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, 582 U.S. at 264.

### 1. Pendent Jurisdiction

Under the doctrine of pendent jurisdiction, "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). "Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction. *Id.* at 1180-81.

### B. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01979-DOC-ADS                                        Date: January 10, 2024
                                                                                                    Page 6

inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III.   DISCUSSION

### A.   Scheduling Order

   The SAC purports to add a new named plaintiff, Shequana Truesdale, a New York resident. *See generally* SAC. Truesdale purports to assert claims under New York General Business Law §§ 349, 350 (the "GBL claims"), as well as common law claims. She asserts the GBL claims on behalf of a putative New York class and the common law claims on behalf of a putative nationwide class.

   Defendants argue that Truesdale's claims must be dismissed as adding her as a party at this stage in the litigation violated the Court's Scheduling Order (Dkt. 29). Mot. at 4-5. Under the Scheduling Order, the deadline for motions to add parties was 60 days after December 1, 2020. *See* Dkt. 29. Plaintiffs respond that the addition of Truesdale was permissible because in the Court's MTD Order, it granted leave to amend. Opp'n at 19. The Court agrees with Plaintiffs. "Where an order of dismissal grants leave to amend without limitation, California district courts generally allow new claims and parties to be submitted in an amended complaint[.]" *MacRae v. HCR Manor Care Servs., LLC*, No. SACV140715DOCRNBX, 2018 WL 10164063, at *3 (C.D. Cal. Mar. 5, 2018). In this Court's previous order, the Court did not explicitly limit the scope of Plaintiff's leave to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 7 |

amend his claims. *See generally* MTD Order. In particular, the Court did not explicitly specify that Plaintiff must obtain leave before adding new claims or parties. Thus, the addition of Plaintiff Truesdale falls within the scope of the Court's order permitting amendment and the Court will not dismiss her claims on that basis.

### B. Personal Jurisdiction

Defendants do not dispute that the Court has personal jurisdiction over Plaintiff Mier's claims. *See generally* Mot. Defendants argue that all of Plaintiff Truesdale's claims must be dismissed as she has not met her burden to show the Court can exercise personal jurisdiction over Defendants as it relates to her claims. Mot. at 5.

#### a. General Jurisdiction

Defendant argues the Court has no general jurisdiction over either defendant because neither is "essentially at home" in this forum. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Mot. at 5. Plaintiffs respond that CVS's operations in California are so substantial and of such a nature as to render it at home in California.[1] Plaintiffs point to the fact that CVS has its largest number of retail stores in California, that it generates millions of dollars of revenue in California, and that it is registered to conduct business in California. Opp'n at 20-21.

The Supreme Court has identified two places where a corporation is "at home" for general jurisdiction: the state of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137; *accord Bristol-Meyers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). CVS is a Rhode Island Corporation with a principal place of business in Rhode Island. Mot. at 5; SAC ¶ 13. Vi-Jon is organized under the laws of Delaware, and has its principal place of business in St. Louis, Missouri. Mot. at 5; Dkt. 98-1, Declaration of Keith Grypp ¶ 5; *see also* Dkt. 310 ¶ 14.

Truesdale's argument is impossible to square with Supreme Court and Ninth Circuit jurisprudence regarding general jurisdiction. Notably, she does not cite a single case finding that a corporation organized under the laws of, and headquartered in, non-forum states was subject to general jurisdiction in the forum state based on the factors she

---

[1] Plaintiff Mier did not seek to litigate against Vi-Jon as a defendant in this action and opposed its motion to intervene. *See* Dkt. 15. Plaintiffs therefore do not address whether this Court has jurisdiction over Vi-Jon. *See* Opp'n at 20.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01979-DOC-ADS             Date: January 10, 2024
                                                                              Page 8

points to for CVS. Accordingly, the Court finds it does not have general jurisdiction over CVS or Vi-Jon and cannot exercise personal jurisdiction on that basis.

      b. **Specific Jurisdiction**

Defendants next argue that under the Supreme Court's holding in *Bristol-Myers*, the Court lacks specific jurisdiction over Plaintiff Truesdale's claims as her claims do not arise from any of Defendants' contacts with California. Mot. at 6-7. Plaintiffs respond that *Bristol-Myers* is inapplicable when, as here, a plaintiff seeks to represent a nationwide class. Opp'n at 22. Defendants respond that a named plaintiff cannot establish personal jurisdiction over a defendant with respect to her own claims merely because she seeks to represent a nationwide class. Reply at 12-13.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023) (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)). Here, Plaintiff Truesdale's allegations do not establish a sufficient relationship for the court to assert specific jurisdiction. Truesdale alleges she is a New York citizen residing in the Bronx, who purchased hand sanitizer at a CVS store in New York. SAC ¶ 12. Truesdale does not allege that she purchased the hand sanitizer in California or suffered any injury in California. *See* SAC.

This Court has previously held, and reaffirms here, that "*Bristol-Myers* does not bar nationwide putative class actions where the Court has specific personal jurisdiction over the named plaintiff." *Choi v. Kimberly-Clark Worldwide, Inc.*, No. SACV190468DOCADSX, 2019 WL 4894120, at *5 (C.D. Cal. Aug. 28, 2019). Most district courts that have considered whether *Bristol-Myers* applies to out-of-state *named* plaintiffs in class actions, however, have concluded that it does. *See, e.g.*, *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1167 (C.D. Cal. 2019). Applying *Bristol-Myers* here, because the nonresident named plaintiff does not "claim to have suffered harm in" California and the "conduct giving rise to [her] claims occurred elsewhere," it follows that "the California courts cannot claim specific jurisdiction" over her claims. *Bristol-Myers*, 582 U.S. at 266.

      c. **Pendent Jurisdiction**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 9 |

Finally, Plaintiffs argue that the Court should exercise pendant personal jurisdiction over Plaintiff Truesdale's claims. However, "[p]endent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction, and a common nucleus of operative fact[s] between the state and federal claims." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991). In this case, there is no federal claim that raises federal question jurisdiction— this case is in federal court due to diversity jurisdiction under the CAFA. A common nucleus of operative fact between California state law claims and non-California state law claims cannot alone confer pendent personal jurisdiction. *See Maeda v. Pinnacle Foods Inc.*, 390 F.Supp. 3d 1231, 1247 (D. Haw. 2019). Accordingly, the Court has no basis on which to exercise pendent jurisdiction over Plaintiff Truesdale's claims.

Accordingly, because there is no basis for the Court to constitutionally exercise personal jurisdiction over Plaintiff Truesdale's claims against Defendants that arise entirely from out-of-state activities that have no connection to California, those claims are dismissed. As amendment would be futile, Truesdale's claims are dismissed without leave to amend.

### C. Failure to State a Claim

Defendant moves to dismiss Plaintiff's consumer protection claims once again, contending that Plaintiff has still not sufficiently pled a plausible claim for relief under the reasonable consumer standard of the CLRA, FAL and UCL. Mot. at 8-9. Defendant argues that if Plaintiffs do not plausibly allege deception under a reasonable consumer standard, their common law claims for intentional and negligent misrepresentation necessarily fail as well. *Id.* In response, Plaintiffs contend that the SAC addresses the pleading inadequacies previously identified by this court and is consistent with the Ninth Circuit caselaw discussed in the Court's Order dismissing their prior complaint. *See generally* Opp'n.

#### 1. Legal Standard

The CLRA, FAL, and UCL are California's consumer protection statutes. The CLRA prohibits "unfair methods of competition" or "unfair or deceptive acts or practices ... undertaken by any person in a transaction intended to result or which results in the sale

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-01979-DOC-ADS                                    Date: January 10, 2024
                                                                        Page 10

or lease of goods or services to any customer," CAL. CIV. CODE § 1770(a), the UCL prohibits any "unlawful, unfair or fraudulent business act or practice" and the FAL prohibits any "unfair, deceptive, untrue or misleading advertising," CAL. BUS. & PROF. CODE §§ 17200, 17500. "Courts often analyze these statutes together because they share similar attributes." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014).

Claims under the CLRA, FAL and UCL are governed by the "reasonable consumer test." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). To satisfy this test, a plaintiff "must show that members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotation marks omitted). "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021). To meet this standard, a plaintiff must demonstrate "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (internal quotation marks and citation omitted). "The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers." *McGinity*, 69 F.4th 1093 (9th Cir. 2023).

Whether a reasonable consumer would likely be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss. *See Williams*, 552 F.3d at 938; *see also Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35, 61 Cal.Rptr.3d 221 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer.") (internal quotation marks omitted). " 'However, in certain instances, a court can properly make this determination and resolve such claims based on its review of the product packaging.' " *Brown v. Starbucks Corp.*, No. 18cv2286 JM (WVG), 2019 U.S. Dist. LEXIS 33211, at *6 (S.D. Cal. Mar. 1, 2019) (quoting *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013)). "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Pelayo*, 989 F. Supp. 2d at 978 (collecting cases). Courts in the Ninth Circuit have previously specifically noted that they can determine at the pleadings stage whether a hand sanitizer label would be deceptive to a reasonable consumer. *Robles*, 2023 WL 4946601, at *2; *Moreno v. Vi-Jon, LLC*, No. 20CV1446 JM (BGS),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-01979-DOC-ADS               Date: January 10, 2024
                                                                                                Page 11

2023 WL 4611823, at *5 (S.D. Cal. July 18, 2023) (appeal filed July 19, 2023) (*Moreno IV*).

### 2. Analysis

As the Court dismisses Plaintiff Truesdale's claims with prejudice, it only addresses here whether Plaintiff Mier has stated a claim in the SAC. The Court agrees with Defendant that dismissal of Plaintiff Mier's claims is appropriate for the reasons outlined below.

       In the interest of completeness, the Court first briefly recounts its prior reasoning that Plaintiff Mier had failed to state a claim here. In the FAC, Mier alleged that a reasonable consumer reading the front label would believe that the Product kills 99.99% of all germs, and that this claim was misleading as the product did not kill 99.99% of all known germs. FAC ¶¶ 2-5; 15. In its MTD Order on October 20, 2023, the Court found Plaintiff Mier's FAC failed to state a claim in light of the Ninth Circuit's holdings in *McGinity* and *Robles*.

       In *McGinity*, the Ninth Circuit held that, unless a product's front label is "unambiguously deceptive," the court considers the product's rear label in deciding whether a reasonable consumer would be misled by the product's packaging. 69 F.4th at 1098. When a front label is ambiguous, rather than unambiguously deceptive, "the ambiguity can be resolved by reference to the back label." *Id.* at 1099.

       In *Robles*, the Ninth Circuit applied *McGinity* to a hand sanitizer label nearly identical to the one in this case. There, the plaintiff alleged that the front labels on certain Purell Advanced Hand Sanitizers were misleading because they stated that the product either "Kills More than 99.99% of Germs*" or "Kills More than 99.99% of Most Illness Causing Germs*." *Robles*, 2023 WL 4946601, at *1. These asterisks were connected to the rear label statement, "Kills 99.99% of most common germs that may cause illness." *Id.* The Circuit affirmed the dismissal of the complaint, holding that, the plaintiff "never plausibly allege[d] that the 99.99% claim, as clarified by the back label, is false or misleading." *Id.* "Rather than contradict the front label, the back label explains to the consumer what population of germs the 99.99% claim applies to: 'most common germs that may cause illness.'" *Id.* at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-01979-DOC-ADSDate: January 10, 2024

Page 12

In the MTD Order, the Court found that the relevant label here is almost exactly the same as the one at issue in *Robles*. Under *McGinity* and *Robles*, the Product's front label is not unambiguously deceptive. When viewed in connection with the back-label disclaimer, reasonable consumers would not be misled into thinking the product kills 99.99% of all known germs. MTD Order at 6-7. The Court granted leave to amend, but stated that, to survive a renewed Motion to Dismiss, Plaintiff's SAC must state a claim that is consistent with the Ninth Circuit's holdings in *McGinity* and *Robles*. *Id.* at 7.

In the SAC, Plaintiff Mier now alleges that rather being misled by the label into thinking the product kills 99.99% of all known germs, he was misled by the label into believing the product would kill 99.99% of germs commonly found on hands. SAC ¶ 20. Plaintiff further alleges that a reasonable consumer would read the Back Label Claim, which reads "Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds," to mean that 100% of such germs will be killed *Id.* ¶ 24.

As this Court has already held, the front label here is not unambiguously deceptive under the standard laid out in *McGinity*. Plaintiffs argue the front label mispresents that the product kills 99.99% of all germs commonly found on hands. *Id.* ¶ 24. The Court finds, however, that the front label is ambiguous. One interpretation is that the product kills 99.99% of the population of certain types of germs commonly found on hands (i.e., it kills 99.99% of the populations of germ types A, B, and C, but could conceivably kill a lesser percentage of the population of germ type D). Another interpretation is that the product kills 99.99% of the total quantity of germs commonly found on hands (i.e., it kills 99.99% of the total population of germ types A, B, C, and D, considered collectively). Accordingly, Plaintiff has not demonstrated that the front label is unambiguously misleading.

The Ninth Circuit held in *McGinity* that where "a front label is ambiguous, the ambiguity can be resolved by reference to the back label." 69 F.4th at 1099. As the hand sanitizer's label is ambiguous, a reasonable consumer buying it would consider all of the information available at the time of purchase, including the back labels.

Taking the back label into account, the Court finds the label, when considered in its entirety in context, is not false or misleading. As in *Robles*, "[r]ather than contradict the front label, the back label explains to the consumer what population of germs the 99.99% claim applies to[.]" 2023 WL 4946601, at *2. Here, that population is "many common harmful germs." SAC ¶ 3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 13 |

Plaintiff Mier's reading of the back label makes little grammatical sense. A reasonable consumer, when presented with information that a product kills 99.99% "of many common harmful germs" would not believe the product kills 99.99% of all germs commonly found on hands. Even assuming that the product does not kill 99.99% of germs commonly found on hands that may cause illness, as Plaintiffs allege here, the allegations do not assert the label, read as a whole, is literally false or misleading. The only plausible reading of the disclaimer is that the product kills 99.99% of the populations of certain germ types on hands, not 99.99% of the total population of germs commonly found on hands. Plaintiff Mier's misunderstanding of the label only makes sense if the Court or a consumer were to ignore the statement on the back label. Under *McGinity*, however, the Court cannot do so.

The SAC never disputes that the Product is effective at killing 99.99% of many types of germs commonly found on hands. As that is what the product's label in its entirety promises, Plaintiffs have failed to state a claim that the label is false or misleading to a reasonable consumer under existing Ninth Circuit precedent. Plaintiff Mier's common law claims are governed by the same reasonable consumer standard. *See, e.g.*, *Robles v. Gojo Indus., Inc.*, No. SACV21928JVSDFMX, 2022 WL 2163846, at *7 (C.D. Cal. Mar. 16, 2022), *aff'd*, No. 22-55627, 2023 WL 4946601. Accordingly, the Court dismisses Plaintiffs' claims.

   3. **Leave to Amend**

Finally, the court addresses whether Plaintiff should be given another opportunity to amend his complaint. Rule 15(a) of the Federal Rules of Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks omitted). Here, Plaintiff has already had multiple opportunities to amend his complaint to address the pleading deficiencies identified by this court. Plaintiff was also given instruction on which Ninth Circuit precedent his claim must be consistent with to survive a subsequent motion to dismiss. Although leave to amend should be liberally granted, the court is not obligated to allow Plaintiff unlimited opportunities to reshape his claims. *See Pfau v. Mortenson*, 542 F. App'x 557, 558 (9th Cir. 2013) (district court did not err in denying leave to amend after

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. 8:20-cv-01979-DOC-ADS | Date: January 10, 2024 |
| | Page 14 |

plaintiff had already had multiple opportunities to amend and remedy identified deficiencies). For these reasons, the court **DENIES** Plaintiff leave to amend.

## IV. DISPOSITION

For the reasons explained above, the GRANTS Defendants' Motion to Dismiss and DISMISSES WITH PREJUDICE Plaintiffs' Claims against Defendants.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |